OPINION of the Court, by
Judge Owsiey.
Breckenridge and wife, under the circumstances of title, as stated in the opinion delivered between Floyd s devisees and Maasie, &c. having sold and executed a deed of bargain and sale to Sebastian for 400 acres of land, *434 sometime thereafter and subesquentto the emanation of the several patents upon the different conflicting claims, in the names of those persons respectively, as in that opinion set forth, Sebastian sold and executed a deed of bargain and sale with a clause of general warranty to Massie for the same land ; and by the same deed covenanted that he was seized of a good, sure, perfect and absolute estate of inheritance to the land therein described ; that he had full power and lawful authority to sell and convey the same : and that he would, upon reasonable notice, execute such other and further deeds as might he thought necessary, &c. for the better and more complete assuring the right and title to the same : and Mas-sie, in consideration of the purchase, paid Sebastian g>4000 in hand, and with a knowledge of a claim pretended by the devisees of Floyd, gave his obligation to pay at a subsequent day g4000 more, the balance of the purchase money.
Subsequent to this, Massie having, as he alleges, (but of which he at the time of h's purchase was ignorant) discovered that no patent had issued for the land when Breckenridge and wife acknowledged the deed to Sebastian | and that since then a patent has issued upon the 200 acre survey in the name of Breckenridge, whereby, as Massie now supposes, the title to that part of his purchase never was in Sebastian, but is at this time vested in such of the devisees of Floyd and the children of Alexander Breckenridge, as are also the children of. Mrs. Breckenridge, and upon whom, as he charges, the title has descended from Mrs. Breckenridge, formerly Mrs. Floyd, who held the same as devisee of Alexander Breckenridge.
Upon discovering this, and also upon ascertaining that the patent has likewise issued to Alexander Breckenridge upon the 500 acre survey, the title whereof is also alleged to have passed to the heirs of Mrs. Breckenridge, in the manner and under the circumstances mentioned in relation to the 200 acre claim, Massie notified Sebastian thereof and demanded of him to pro-cui-e, in pursuance of his covenant further to assure, a surrender from the heirs of Mrs. Breckenridge of their title; but Sebastian failing and refusing to do so, Mas-sie exhibited his bill in equity against Sebastian and the heirs, setting forth the various circumstances of the contract and conflicting titles, and asking a perfection of his title, &c. '
*435 To this bill such of the heirs of Mrs. Breckenridge as claim as devisees of John Floyd, deceased, respond, that they ought not to be compelled to surrender their claim ; but assert their right under the will of John Floyd to a 400 acre entry made by him in his lifetime, and which they contend is superior to any other claim upon the land.
The children of Alexander Breckenridge and the other heirs of Mrs. Breckenridge, oppose the relief sought by Massie ; and James Breckenridge by his answer, which he also in his character of administrator de bonis non with the will annexed of Alexander Brer ken-ridge, deceased, exhibits in the nature of a crossbill, alleges the failure of Sebastian to pay the testator Alexander the purchase money for the land, and claims alien upon the land for the amount unpaid, and asks for the appropriate relief.
Sebastian having in this state of the cause obtained a judgment at law against Massie upon his obligation for the balance of the purchase money, Massie exhibited an amendment to his bill, incorporating the answer and cross bill of James Breckenridge as part thereof, and praying an indemnity from Sebastian against the claim of Breckenridge, and obtained an injunction against thp proceedings at law, &c.
To the bills of Massie and cross bill of Breckenridge, Sebastian responded, denying the justness of Breckenridge’s claim, and relying upon the statute of limitations in har thereof, and contending he was not bound by the covenants in his deed to procure from the heirs of Breckenridge a surrender of their title.
The bill of Massie and cross bill of Breckenridge having come on to a final hearing, were both dismissed with costs, and the injunction obtained by Massie restraining the proceedings at law dissolved with ten per centum damages, &c. From this decree both Massie and Breckenridge severally appealed to this court.
If Massie should be otherwise entitled to relief against the heirs of Breckenridge, the right asserted upon the 400 acre entry of John Floyd certainly cannot prevent a decree in his favor : for, as has been shown in the case of Floyd’s devisees vs. Sebastian, &c. that the entry of Floyd is invalid and cannot prevail against Massie, it results inevitably that those who hold an interest in that claim cannot by reason thereof withhold any title which they might otherwise be compelled to surrender,
*436 Bat with- respect to the titles acquired by Breckch-> ridge after the execution of the deed to Sebastian, and Which are ■supposed to have thereafter passed to the heirs of Mrs. Breckenridge, we áre tillable to perceive the necessity of an application to a court of equity : for it is perfectly clear that neither Breckenridge nor his wife, after the acknowledgment of the deed to Sebastian, Would be permitted to claim in opposition to their deed, by alleging they had then no estate in the premises; and as their heirs, claiming through them, and any stranger to Whom they might sell, can be in no better situation, they must also be equally estopped. — Co. Litt. 45 a, 47 b, 352 a b — Cro. Ch. 110 — ■ ! Sal. 276 — 2 Ld. Bay. 1551 — 3 F. Wins. S73 — 1 John. Cases 90 — 4 Com. Dig. 79 B.
If, therefore, Breckenridge and his wife, and those claiming under them, are concluded by their deed from ftlaiming against the deed ; and if, as is shown in this case, Sebastian, and Massie, claiming under him, have been in the undisturbed possession of the lari¿1 described in that deed ever since it wás acknowledged by Breckenridge and his wife, it is impossible to perceive the injury to which Massie can be exposed by reason of the patents having subsequently issued to Breckenridge.
Notwithstanding, however, it was not necessary for -Massie, on account of the patents subsequently issuing to Breckenridge, to resort to a court of equity, yet when he was informed of the claim set up by the administrator de bonis ñon of Breckenridge, it was not only advisable but strictly proper, before he paid the purchase money to Sebastian, by a bill for that purpose to cause the right to be determined : for had he, after notice of that claim, paid the money to Sebastian, ash purchaser with notice; the land, upon its establishment, would most assuredly hávé been Subjected in his hands to its satisfaction ; and to avoid the injury which might under those circumstances have accrued to Massie, a bill of interpleader Would have been the proper remedy. — (See Milford’s Plea. 47-8, and the authorities there cited.) But as a bill of that character was not exhibited until the administrator by his answer in the nature of across bill, asserted his claim, it was then dearly proper, upon the amended bill of Massie being filed, for the court to award the injunction to the judgment at law. That injunction, it is true; was propsrlj dissolved upon the filial hearing of *437 the cause: for having issued to prevent an injury which was apprehended from the claim of the administrator of Breckenridge, upon determining that claim against the administrator it was right to discharge the injunction. But as the injunction was rightfully awarded, it was improper either to subject Massie to damages or costs.
With respect to the decree against the administrator, we are also of opinion it is correct: for waiving the inquiry into its correctness upon the original contract lie-tween the. parties, it was certainly proper* after the lapse of upwards of twenty years from the date of the deed to Sebastian, to withhold from the administrator relief.
The decree as to Breckenridge must therefore be affirmed with costs, but as to Massie it must be reversed with costs, and the cause remanded and a decree entered in the court below consistent with the principles of this opinion.