Judge Owsley
delivered the opinion.
Morris and Wickliffe purchased from M’Millen part of a lot of ground, in the town of Lexington, at the price of $i5oO, paid $1200 in band and gave to M’Millen an obligation for the payment of $300, the residue of the price.
Sometime thereafter, M’Millen brought suit on the obligation and finally recovered judgment thereon at law;
Morris and Wicklifi'e then exhibited their bill in equity, with injunction, against M’Millen. The bi|l charges that when they made the purchase they were ignorant of any defect in the title and supposed that M’Millen was invested with a regular and unincumbered title — that on the same day of the purchase, and after the deed of conveyance was made by M’Millen, they discovered from the books of the trustees, that a memorandum is therein contained shewing that the trustees had conveyed the lot to a certain Brobson, aud from whom they alledge M’Millen has never obtained a conveyance They alledge, that immediately on making the discovery they pursued M’Millen, informed him of the defect which they had learned existed in the title, and demanded of him a canceiment of the contract, or that be would exhibit a regular title to the lot; that M’-Millen then informed them that bis title was complete, and that, before he would demand the residue of the price, then unpaid, he would exhibit his title and prove to their *566 satisfaction that no danger was to be apprehended from **,e discovery which they had made from the books of the trustees. But, they moreover, charge, that without ex* hibiting his title, M’Millen has brought suit and recovered judgment at law ; and they ask tor a discovery of his title, and if bis title be not perfect, they pray the contract to be canceled and for general relief, ⅜¾.
An innocent purcha-town*deduc' ing a’connec-fed title from *«» tected6not° withstanding a minute in the trustees* thatthesamé lot had be-sold ami conveyed to an other, it not thanhedeed to that other hadeverbeen delivered; & cUimanTTp-pearing after a lapse of coruTpur’cha-to sera will be decreed to go on with t e con rae
M’Millen admits the sale, by him, of the lot, at tbe price and on the terms alledged in tbe bill — he denies that Brobson has any title, but exhibits a regular chain of title from the trustees down to himself — he admits having recovered the judgment at law, and insists, that.the injunction obtained by Morris & Wickliffe against his judgment at law, ought to be dissolved and their bill dismissed, &c.
The circuit court, on a fiua) hearing, dissolved tbe injunction with damages, and dismissed the bill of Morris ⅝ Wickliffe with cost.
We think tbe decree of the circuit court is correct.— There is, certainly, no sufficient cause shewn by Morris ^ Wickliffe for setting aside the sale of the lot. M’Mil-*en noi only appears to have sold the lot under an honest conviction of his possessing the unincumbered title, but he *)as' moreover, exhibited a regular title from the trustees of the town. It is true, from a transcript taken from the books of the trustees, a memorandum appears to have been made in those books, anterior to tbe date of the trustees deed, under which M’Millen claims, wherein it is slated that a deed from the trustees to Brobson for the lot now ¡n contest, was signed on the 11th January, 1786, and ^lere *s n® evidence, on this record, shewing that Brob-s0{t has ever since conveyed the lot. But if tbe deed to Brobson was, in fact, ever delivered, (and whether or not d°es n0*- appear) as it is not shewn to have been recorded, 00 purchase for a valuable consideration, without notice, can be effected by it; and it is not pretended that either M’Millen or those from whom he purchased bad notice, w^en they purchased the lot, of any claim by Brobson.— M’Millen, therefore, must be admitted to have held both legal and equitable title when he sold and conveyed M°rr*s ai)d Wickliffe, and possessing such a title, he was guilty of no fraud, and consequently the sale by him caDnot be set aside.
g(if ¡j jg conten^d that tbe discovery made by Morris Wickliffe is of a character which gave them a right to *567 4emand of M’Millen an exhibition of his title, and as he failed to do so, it is insisted that they had just cause for applying to the chancellor, and that although their injunction may have been properly dissolved on a final hearing, it ought to have been dissolved without damages and cost.
Wizkliffe for appellant, Haggin contra.
We, however, think differently. If there had been any person asserting claim to the lot, under Brobson, it might have been proper for Wickliffe and Morris to have resorted to a court of equity, for the purpose of avoiding the payment of the price, until the validity of M’Milien’s title could be investigated, and in such a case it would have been irregular to have given damages against them in the dissolution of their injunction, as was held in the case of Massie vs. Sebastian. 4 Bibb 436. But in this case it is not pretended that any one asserts claim to the lot under Brobson, and from the lapse of time which has intervened since the date of the memorandum in the books of the trustees, it isnot presumable that either Biobson or any person under him will ever assert such a claim.
The decree must be affirmed with damages on the damages given by the court below and cost.