JUDGE ROBERTSON
delivered the opinion of the court:
On the 11th of February, 1837, Clark Fitzhugh conveyed to the appellant, Samuel B. Churchill, “ one half of his interest in the ten thousand-acre tract in Clark’s survey, McCracken county, State of Kentucky, owned by his father, Dennis Fitzhugh, and devised by him to the said Clark and Lucy Ann, his childrenand guarantied the title by a covenant of general warranty.
And on the 11th September, 1837, the appellant conveyed to Wm. Radford one half of his interest “in the said tract,” described as “formerly owned by Dennis Fitzhugh, but of which Clark Fitzhugh and Samuel B. Churchill are now joint and equal partners.”
At the date of the first of these conveyances Lucy Ann Fitzhugh had died a childless infant, leaving her brother Clark of the whole blood, and three brothers and one sister of the half blood, her survivors — her father and mother then being both dead. And, as now appears, her father never either owned or devised the said land; but it was owned by Governor Wm. Clark, of Missouri, who had conveyed it to his nephew and niece, the said Clark Fitzhugh and Lucy Ann Fitzhugh.
*56 The appellant’s conveyance to Radford implies that, interpreting Fitzhugh’s conveyance to himself as passing title to an undivided moiety of the said tract, he sold and conveyed to Radford one half of that moiety, which he warranted against all persons.
But, according to the facts now developed, Clark Fitzhugh’s interest was only eight twelfths of the tract of 10,000 acres, six twelfths dei’ived from Wm. Clark, and two twelfths which descended to him as only one of the heirs of his deceased sister. When Clark Fitzhugh conveyed one half of his interest to the appellant, both parties evidently believed that his title had been derived from his father, and that, consequently, he was, by the law of descents, the only heir of his deceased sister, whose half brothers and sister by the mother were, on that hypothesis, excluded. But the title not coming from the father, but from an uncle, Lucy Ann’s portion of six twelfths descended to her half brothers and sister, as well as to her whole brother Clark, he taking a double portion of two twelfths, and each of the four half-bloods one twelfth; consequently, his deed to the appellant passed only four, instead of six twelfths, of the entire "tract; and the appellant’s conveyance to Radford, purporting to convey and warranting three twelfths, passed only two twelfths, leaving him liable on his warranty for the deficit of one twelfth.
This mistake as to the extent of the appellant’s interest as derived from Clark Fitzhugh still continuing, and, therefore, supposing that, after his sale to Radford, he yet held title to about 2,200 acres, he, on the 1st of August, 1839, sold and conveyed to A. L. Churchill “all of his remaining interest,” and covenanted that “his heirs, executors, and administrators” should warrant the title against all persons whatsoever. Afterwards A. L. Churchill sold and *57 conveyed to the appellee, Terrell, and to Catlett, in equal portions, all his interest; and the appellee, Terrell, also acquired the interests of two of the half brothers of Lucy Ann. Having previously, by deed of general warranty, acquired all Radford’s interest, Terrell claimed three twelfths under Radford., and two twelfths under the two half brothers.
The appellant thus owning two twelfths less than he had sold, obtained, for a nominal price, in the year 1849, a conveyance of one twelfth from O’Fallon, one of the half brothers of Lucy Ann Fitzhugh.
To adjust the doubts and difficulties resulting from the foregoing facts, and procure partition among all concerned, according to their respective rights, the appellee, Terrell, brought this suit in equity, and the circuit court made a partition in which all parties except the appellant acquiesce.
He seeks to reverse the judgment on the ground that it adjudged that his interest of one twelfth, derived from O’Fallon, inured to the benefit of his vendees; and whether the judgment was in this respect right, is the only question we shall consider.
Through the combined principles of privity and estoppel, the title acquired from O’Fallon inured to the benefit of the vendees to whom the ajDpellant warránted the same title; and where, as in this case, there is a continuity of warranty, a remote warrantee may claim the estoppel against even the original warrantor. Consequently, Terrell, as the warranted vendee of Radford, may claim that the title of the appellant, derived from O’Fallon, inures to his use, because the same title was warranted by the appellant to Radford. And, for the same reason, both Terrell and Catlett had the same right, pro tanto, as vendees of the appellant’s vendee, A. L. *58 Churchill, if the warranty to the latter bound the appellant. And, in our opinion, that warranty, though in a peculiar form, constructively concludes the warrantor, who, being literally bound by his covenant for the warranty of his representatives, is virtually bound and legally estopped as himself, the warrantor.
But on this appeal it is not material whether this last warranty is personally binding on the appellant as the warrantor, or whether the inuring title has been properly applied by the judgment. All other parties consenting to the judgment, the appellant cannot complain if it be right as to himself. And he cannot impeach it merely because Terrell’s title, as vendee of Radford, has been perfected by his purchase of enough from the two half brothers to cover the deficit. That purchase did not exonerate the appellant from liability on his warranty, unless he had paid the price given for those interests by Terrell.' Nor can the appellant throw his vendees on his vendor. His vendor warranted only his own interest, which, whatever it was, certainly vested in the appellant. And if, by misrepresentation of the source, and thereby of the extent of that interest, he deceived the appellant, this may not have amounted to a warranty running with the land, but might only entitle the appellant to a personal action for damages against the representatives of Clark Fitzhugh, deceased, against whom no claim has been presented or litigated in this case by any party.
Wherefore, as, according to the foregoing view of the record, the appellant has no cause to complain of the judgment refusing to permit him to hold the twelfth conveyed to him by O’Fallon, that judgment, as to him, is affirmed.