Pruitt, &c., v. Holland.

CASE 116—PETITION EQUITY—MARCH 5.

# Pruitt, &c., v. Holland.

### APPEAL FROM ALLEN CIRCUIT COURT.

92   641.
116   658
92   641
116   658
92   641
d117  181
118   522

92   641
129   135
f129   137

1. CONSTRUCTION OF DEVISE.—Under a devise by a testator to his wife "during her widowhood or natural life, remainder to his daughters and the heirs of their bodies," with the provision that if any one of the daughters shall die without heirs of her body her share shall go to the survivors, the dying without heirs of her body refers to a dying before the marriage or death of the life tenant. Therfore, such of the daughters as were living at the death of the widow, she never having married again, took an absolute estate. •

2. A DEVISE TO ONE AND THE HEIRS OF HIS BODY creates such an estate as would at the common law be an estate tail, which, by our statute, is converted into a fee simple.

R. RODES, W. G. BULLITT FOR APPELLANTS.

The words '"bodily heirs" and "heirs of her body," as used in the will, were intended to indicate children. (88 Ky., 125.)
    An estate tail must descend; it can not ascend or take in collateral relations. (Jarman on Wills, vol. 3. p. 90.)

HANSON KENNEDY ON SAME SIDE.

The words "bodily heirs," "heirs of her body" and "heirs of their bodies," are used in the will in the sense of children. (Righter v. Forrester, 1 Bush, 278; Mitchell v. Simpson, 10 Ky. Law Rep., 709; Schuder on Wills, sec. 542; Tucker v. Tucker, 78 Ky., 503; Jones v. Miller, 13 Ind., 337; Berg. v. Anderson, 72 Pa. St., 87; Johnson v. Johnson, 2 Met., 333.)

JOHN M. WILKINS FOR APPELLEES.

An indefeasible title vested in the daughters of the testator at his death,

or in any event at the death of the life tenant. (Birney v. Richardson, 5 Dana, 424; Wills v. Wills, &c., 85 Ky., 486; Komps' Ex'or v. Hallenberg, &c,, 88 Ky., 114; Martin v. Renaker, 10 Ky. Law Rep., 469; Trabue v. Terry, &c., 10 Ky. Law Rep., 347; Hannon v. Dyer, &c., 11 Ky. Law Rep., 654.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The will of William Allen was admitted to probate on the 15th of October, 1863.

By the first item of the testator's will he gave to his wife all of his estate, " during her widowhood or natural life." His children consisted of one son and five daughters, and the testator's son is excluded from any share of his estate, because he had already received a full share of the same.

The will also provides that the five daughters, and the heirs of their bodies, upon the death or marriage of the testator's wife, should take the remainder of the estate.

The tenth item of the will provides : " I will that at the death or marriage of my wife I want the remainder of my property, not herein given off, to be equally divided between my five daughters, to-wit," naming them, " and I give the same to them and the heirs of their bodies."

The eleventh item is as follows : " It is further my wish and will that if any one of my daughters, named in this, my will, shall die and have no heirs of her body, such part as she or the heirs of her body would be entitled to under the will, I want, in such event, the portion that would be given to any one that may die, as aforesaid, to go to the surviving daughters and the heirs of their bodies."

The twelfth item provides : " That should any more than one of my daughters die, having no bodily issue,

that her share shall be divided as named in the eleventh section of this will," etc.

Article 1, section 8, chapter 63, General Statutes, provides: . " All estates heretofore or hereafter created, which, in former times, would have been deemed estates in tail, shall henceforth be held to be estates in *fee-simple;* and every limitation on such an estate shall be held valid, if the same would be valid when limited upon an estate in *fee-simple.*"

The tenth item, *supra,* by apt words, wills to the five daughters such estate as would, at the common law, be an estate tail, which is, by the Statute, *supra,* converted into a *fee-simple* title. The said statute also provides that " every limitation placed upon such estate shall be held valid, if the same would be valid when limited upon an estate in *fee simple.*" The limitation placed upon the devise by the eleventh item of the will would be valid as a defeasance if an estate in *fee-simple* had been devised, by so many words, to the five daughters. Hence, the eleventh item is a valid limitation upon the estate devised, which the law converts into a *fee-simple* estate. Now, the tenth item of the will having, as a matter of law, devised to the five daughters a *fee-simple* estate, to take effect on the death or marriage of their mother; and the eleventh item having made such an estate defeasible upon either one of the daughters dying without heirs of her body, and which expression, as is shown by the twelfth item, *supra,* means issue ; and which limitation makes the *fee-simple* estate defeasible upon the happening of the contingency of dying without issue (see Daniel v. Thompson, 14 B. M., 707), the question arises, to what time does the defeasance relate ?

It seems clear that the defeasance relates to the time of the death or marriage of the mother. That is the time for the remainder interest of the daughters to take effect. And the eleventh item expressly provides, " that if any one of my daughters shall die and have no heirs of her body, such part as she or the heirs of her body would be entitled to under this will," etc. The expression " would be entitled to under this will" clearly refers to the death of any one of the daughters at the time that the estate in remainder was to take effect. Besides, the testator excluded his son from any share of his estate upon the ground that he had already amply provided for him ; and that he would not be entitled to any other distributable interest in his estate, but his daughters living at the time the remainder interest was to take effect, would be entitled to such interest. Hence, the provision in the eleventh item that, if at the time that his daughters would be entitled to their respective interests under the will, any one of them should have theretofore died without heirs of her body her share should go to the survivors. So it seems clear that the dying without heirs of the body refers to the time that the remainder interest took effect. And the remainder interest having taken effect, and Nancy Allen having sold her portion to the appellee after said interest took effect, she took an absolute estate in the land, which was not defeated by her subsequent death without heirs of her body.

The judgment is affirmed.