CASE 100—PETITION EQUITY—SEPTEMBER 23.

# Moore v. Offutt.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. CONSTRUCTION OF DEVISE—TIME OF VESTING OF INTEREST.—Under a devise to a person to be paid over when the estate is settled and debts paid the interest vests at once, only the time of possession being postponed:

2. SAME.—Where a deed of trust made by a father for the purpose of disposing of his estate among his children as directed in his will, provided that after the payment of debts the trustee should settle the accounts among his children, and in making the settlement one-half of whatever was coming to them should be paid them in money, and the other half invested in productive real estate, the title to be taken to them for life, remainder to their heirs, and further provided that "if at the time the equalization takes place any of my children are dead, no investments will be made for their children, but the amounts coming to them will be paid them in equal proportions," each of the children took an estate for life in one-half of his share and the fee in the other half; and although one of the children died before the equalization was made, or the estate of the grantor settled, he had the right to dispose, by will, of the half of his part of the estate in which he took the fee, that being a vested interest.

O'HARA & BRYAN FOR APPELLANTS.

1. The grantor's son Barry had no such vested estate in the trust property as he could devise by will, and his children take under the deed and not under his will the one-sixth interest which would have accrued to him had he survived the period at which it might have become vested in him. (Berry, Trustee, v. Williamson, &c., 11 B. M., 245.)

2. By the will of Barry Taylor his surviving wife can not take dower in the one-half of the sixth of the estate granted to the children of Barry, as that goes to those children by the deed of trust, and not by descent from Barry Taylor.

SIMRALL & BODLEY FOR APPELLEES.

Barry Taylor took a vested estate in fee in one-half the property given him under the deed of trust, and a life estate in the other half, with remainder to his heirs    (2 Minor's Institutes (3rd ed ), p. 410 (side—

Moore v. Offutt.

page 357); Mercantile Bank of New York v. Ballard, 83 Ky., 488; 2 Chitty's Blackstone. 169, note 10.)

Courts of equity always favor the vesting of estates. (Perry v. Greenville, 80 Ky., 618.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Col. James Taylor, of Newport, Kentucky, prior to his death, and with a view of making a disposition of his estate between his children, as provided in his will, executed a deed of trust to one Wm. H. Lape, conferring upon the trustee large powers in reference to the sale of his realty. He first declares that all of his real estate conveyed to the trustee *shall be chargeable with his debts*, and the latter is empowered to sell so much of his lands as may be necessary for that purpose. The trust further provides: "After my debts are paid by my trustee, he will take the advance book and settle the accounts among my children and the children of my son James. In making the settlement, whatever is coming to Barry and my daughters, *one-half will be paid them in money*, and the other half invested in productive real estate, the title to be taken to them for life, remainder in fee to their heirs forever."

"When the matter of advancements is settled, after paying all cost and expenses incident to the management of the estate, the surplus or whatever remains of the sale of real estate, or what may be coming from any other source, will be divided into six equal parts *and invested for and paid over to my children* and the children of my son James and their mother in the same manner as provided for in the accounts of equalization. If at the time the equal-

ization takes place, any of my children are dead, no investments will be made for their children, but the amounts coming to them will be paid to each in equal proportions.''

The grantor of the trust had five children living, and one, a son James, dead, at the date of the deed. His plain purpose seems to have been to equalize his children in the distribution of his estate, and to see that this was done in his lifetime, reserving to himself a competency until his death.

The question in this case arises from a will made by Barry Taylor, a son of the grantor, who died after his father, by which he attempts to dispose of the estate conveyed to him, or to the trustee for his benefit, by the deed of trust to Lape.

Barry Taylor, the son, had been twice married, having one child by his first wife and two children by his last wife. At his death he made a will, by which he disposed of his interest in the trust estate to his last wife and her children.

Logan Taylor, the child of the first wife, contends that under the provisions of the deed of trust to Lape the whole estate, at his father's death, passed to his children, or that his father had no interest in the trust estate, he dying before the equalization was made or the estate of the grantor settled and his debts paid.

We have set forth so much of the deed of trust as affects the question involved, and it seems to us it is plain, by the terms of the deed, that Barry Taylor, the son of the grantor, took a vested interest in the one-half of the one-sixth of the estate and a

life interest in the other half. The language used is plain and unambiguous, and made still more so by subsequent provisions of the same instrument. His purpose was to secure one-half of Barry's interest to his (Barry's) children at his son's death, and this having been done by giving Barry, as to this half, a life interest, the grantor then provides that when the matter of advancements is settled the estate will be divided into six equal parts, *and invested for and paid* over to my children, and the children of my son James and their mother, in the same manner as provided in the accounts of equalization. Now the provision in reference to the accounts of equalization gives one-half to Barry in fee and the other half to him for life, remainder to his children.

The deed further provides that "*if at the time the equalization takes place any of my children are dead, no investments will be made for their children,* but the amounts coming to them will be paid to each in equal portions." His object was to secure the one-half to Barry's children, and, therefore, he required the investment of this one-half to be made by the trustee, giving to Barry an estate for life with remainder to the children, but Barry having died, no investment was necessary or required by the trust, because in express terms it is stated that no investment in that event is to be made, but the sum to be invested only if Barry should be alive.

The object of the trust in securing the one-half interest to the child of the deceased son or daughter having been accomplished, there was no necessity for the investment.

The grantor further provided by this trust, to enable his children to live, that the trustee should pay over to the children annually the sum of two thousand dollars each, as they will need money before distribution and investments can be properly made.

The grantor evidently supposed that much time would elapse before his large landed estate could be sold, and before an account of advancements could be taken, and, therefore, required the trustee to pay over to the children this two thousand dollars annually.

The right of Barry Taylor to demand of the trustee Lape, his (Barry's) half of the one-sixth interest, could not arise until the debts of the grantor were settled and the account of advancements made. These matters the trustee had to ascertain, and before he could distribute, but this did not make the interest of Barry in the one-half of the one-sixth contingent. It was a vested interest, to be received into possession and enjoyed after the happening of certain events that must take place. A devise to the son of one-half of an estate to be paid over when the estate is settled and debts paid vests in the devisee an absolute estate. The time of possession is only postponed and nothing more.

It has been said by both Blackstone and Kent, and often quoted, that "it is not the uncertainty of enjoyment in the future, but the uncertainty of the right to that enjoyment, which makes the distinction between a vested and contingent interest."

The chancellor, in our opinion, properly held that Barry Taylor had a vested interest in the one-half

of the one-sixth of the estate, and could, therefore, devise it. The fact that the grantor had provided in his will for the child of Barry by his first wife can not affect the construction given the trust deed. The other provisions of the trust must alone control, and the child by the first wife, Logan Taylor, takes only an interest with his half-brothers in the one-half of the one-sixth that was held by their father for life. (Mercantile Bank of New York v. Ballard's ass'ee, 83 Ky., 481.)

Judgment below affirmed.