## Fox, et al. v. Van Fleet, et al.

(Decided November 11, 1914.)

### Appeal from Campbell Circuit Court.

1. Wills—Tenant of Determinable Fee—Alienation.—The power of a tenant of a determinable fee to alienate or devise it cannot, properly speaking, be said to be, in any way restricted; he may alien at pleasure, and the assignee or devisee takes a like estate of inheritance, determining upon the happening of the event which would have determined it in the hands of the donee or his heirs.

2. Wills—Descent—Construction.—Where land is devised to the testator's daughter upon the condition that if she should, at any time, die without leaving issue her portion of the estate should go to her brothers and sisters then living, or their descendants

then living, per stirpes, the daughter takes a fee defeasible only upon her dying without leaving issue; and she having conveyed the estate during her life-time, her surviving children have no interest therein.

PHIL J. RYAN and H. GUNKEL, JR., for appellants.

JAMES C. WRIGHT for appellees.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

Fielding Watts, of Clark County, the father of Lilly D. Fox, died testate in 1894. The clauses of his will which are material to this litigation, read as follows:

"3. I have kept my children equal, and desire that in the distribution of my estate, each shall have an equal portion with the limitations and conditions hereinafter named.

"4. The portion that would go to Mrs. Mary J. Ramsey, wife of Geo. A. Ramsey, I desire to go to and be held by my son James Watts as her trustee, who will control same for the benefit of herself and her children, free from any interest or control on the part of her husband, who is to have neither courtesy nor any other interest therein. Said James Watts is to hold and manage my said daughter's said portion so long as said Geo. A. Ramsey shall live, and pay over to said Mary J. Ramsey or for the use of herself and children, the income and such portion thereof as he may consider proper or necessary and may invest same at his discretion with power to change the investment thereof at will.

"8. If Lilly D. Fox should at any time die without leaving issue, I desire her portion of my estate to go to her brothers and sisters then living, or their descendants then living, per stirpes.

"9. If either of my children who take a life estate or defeasible fee as aforesaid should desire to sell his or her land, he or she may do so and convey same on terms that the purchaser shall see that the proceeds are invested on the same terms and conditions."

In 1898, Lilly D. Fox sold to W. R. Tuggle the land which was devised to her by her father, and Tuggle saw that the purchase money was reinvested in a house and lot in Winchester, Ky., upon the same conditions, and had said conditions expressed in the deed therefor to Lilly D. Fox.

Again, in 1906, Lilly D. Fox sold the Winchester lot

to W. H. Duerson, and Duerson saw that his purchase money was re-invested in another house and lot in Dayton, Ky., upon the same terms and conditions provided in the will; and these conditions were expressed in the deed to Mrs. Fox.

Again, on February 20, 1908, Lilly D. Fox sold and conveyed the house and lot in Dayton, Ky., to the appellee, Charles J. Van Fleet, who did not see that his purchase money was re-invested upon the terms required by the will of Fielding Watts. On the contrary, Lilly D. Fox bought a house and lot with a mortgage upon it, and upon the foreclosure of the mortgage she lost everything she had invested in the mortgaged property.

Lilly D. Fox died on July 31, 1909, and left two children, the appellants Nellie Fox and Clyde Fox, infants, who brought this action by Butler Fox, their father and next friend, seeking to recover possession of the lot in Dayton, Ky.; and the circuit court having sustained a demurrer to their petition as amended, which was subsequently dismissed, they bring this appeal.

The appellants contend that their mother, Lilly D. Fox, took a life estate with remainder to her surviving children; while the appellees contend that Lilly D. Fox took a fee defeasible upon her dying without leaving issue, and as she left issue, her fee simple estate was not defeated but passed to her grantee under her deed.

Under the third clause of the will Lilly D. Fox, the testators' daughter, took a fee simple estate, determinable, however, under the eighth clause in case she should die without leaving issue. She took it forever, unless by the happening of the contingency named in the eighth clause of the will. If she died without issue, the property devised to her was not to leave the family, but was to go to her brothers and sisters, or their descendants, *per stirpes*. She had the right to sell the property and re-invest the proceeds in other property to be held upon the same terms and conditions as were prescribed in the will. With this exception the estate of Lilly D. Fox was a fee simple, unlimited and unconditioned.

The conditions were imposed for the benefit of the contingent takers. But if the contingency upon which they were to take should never happen, they could not be injured by any act of their mother in relation to the property. There were no vested remaindermen; the children of Lilly D. Fox were not purchasers; they had no interest in the property except the contingent one of tak-

ing it as the heirs or devisees of their mother, should she die the owner of it, they surviving her.

In Challis on Real Property, page 190, it is said:

"All modified fees confer upon the tenant the same absolute right of use and to commit waste unrestrained and unlimited, as a fee simple. They do not necessarily confer the same right of alienation and devise. The power of a tenant of a determinable fee to alienate or devise cannot, properly speaking, be said to be, in any way restricted; but his alienation will not create a greater estate than he himself has. He may alien it at pleasure and the assignee or devisee takes a like estate of inheritance determining upon the happening of the event which would have determined it in the hands of the donee or his heirs."

To the same effect see 2 Washburn on Real Property, page 620.

The rule above announced is well established in this jurisdiction.

In Whalin v. Bailey Trustee, 29 Ky. L. R., 1048, 96 S. W. 1105, the testator devised his farm to his three sons, stipulating, however, "that if either of my sons die without heirs, then their interest in said land is to go to my surviving sons or son unto the last remaining one, or their heirs." One of the sons, Jasper Whalin, died leaving a son. The question being what estate Jasper left, the court said:

"The court is of opinion that each of the sons named take a defeasible fee in the land devised to him. The contingency upon which the fee was to be defeated, is dying without issue. If then he had issue living at his death, the event upon which the fee was to be defeated did not transpire, and it was consequently not defeated."

To the same effect see Birney v. Richardson, 5 Dana, 424; Hood v. Dawson, 98 Ky., 285; Crozier v. Cundell, 99 Ky., 202; Collins v. Thompson, 19 Ky. L. R., 1194, 43 S. W., 227; Powell's Exr. v. Cosby, 28 Ky. L. R., 619, 89 S. W., 721; Dorsey v. Maddox, 103 Ky., 253; Cooksey v. Hill, 106 Ky., 310; Cartnell v. Ranson, 119 S. W., 800; Henry v. Carr, 157 Ky., 552.

It follows that Lilly D. Fox took a fee defeasible upon her dying without issue; and since she died leaving issue, her fee was not defeated and her deed passed a perfect title.

Judgment affirmed.