## Johnson, et al. v. Whitcomb, et al.

(Decided November 11, 1915.)

Appeal from Jefferson Circuit Court (Chancery Branch No. 1).

1. Wills—Defeasible Fee in Remainder.—Where a testator devised his estate to his wife for life with remainder to his brother and sisters or such of them as may be living at the death of the life tenant, the devisees took under the will a fee simple estate in remainder, but this was subject to be defeated by their deaths before that of the life tenant.

2. Remainders—Sale of Property Under Order of Court.—Such an estate may be sold under Section 491a of the Civil Code; and if the judgment direct a reinvestment of the proceeds, the purchaser takes an absolute title notwithstanding the fact that children of the devisees to whom the property would revert in the event of the death of all the remaindermen before that of the life tenant, were not made parties to the action. In case of such lapsing of the remainder and defeat of the fee and consequent reverter of the property to the heirs-at-law of the testator, they may still look to the proceeds of sale or the property therewith purchased.

3. Judgment—Collateral Attack—Pleading.—One who attempts a collateral attack upon a judgment must show by his pleading the proceedings had, in such manner as to enable the court to determine whether the judgment is void; this must be done to overcome the presumption of regularity.

EDW. C. WURTELE and JOHN IRICK for appellants.

OSCAR BADER for appellee Whitcomb.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

In 1888 Charles M. Thruston died, domiciled in Louisville. His will contained this language:

"After the payment of the above legacies and my just debts, I devise and bequeath to my sister, Barbara F. Thruston, in trust for my dearly beloved wife, all the

rest and residue of my estate of every kind and description, the income arising therefrom to be paid to my said wife during her life. After her death, to be equally divided between my brother and sisters hereinbefore named or such of them as may be living at that time.'' The brother and sisters referred to were John Thruston, Emma C. Thruston, Barbara F. Thruston, and Anna B. Johnson. The testator had two other sisters, Mary T. Rogers and Eliza Sydnor Hornsby. He had no children. The widow died August 19, 1913. The remaindermen mentioned in the will had all died before that date.

On May 21, 1890, an action was.instituted in the Louisville Chancery Court, being No. 43540, and styled Leonora Thruston v. Barbara Thruston, et al., to obtain a sale by the court of a lot on Fifth street, in Louisville. The parties to that action were the life tenant, the remandermen named in the will and the heirs-at-law of the other two sisters of the testator. In that proceeding the lot in question was sold; and from the purchaser it passed by mesne conveyances to J. A. Whitcomb.

After the death of the life tenant, certain children of the devisee remaindermen and of Mrs. Hornsby instituted this present action against Whitcomb to recover possession of the property so sold. For the purpose of presenting at once all of the matters involved in the controversy, the plaintiffs, in addition to the usual allegations in ejectment actions, conceded in their petition the sale of the property to Whitcomb in the aforesaid action No. 43540, but did not make the record therein, or a copy thereof, a part of the petition, so as to enable the court to determine whether the proceedings in that action were regular; plaintiffs contenting themselves in respect of the object and nature of that action and the disposition of the proceeds of the sale therein, with the allegation that such action was instituted ''seeking a sale and division of the proceeds of certain proptrey of said estate,'' including the property here in question.

The lower court sustained a demurrer to the petition; the plaintiffs declined to plead further, and the court dismissed the petition. Plaintiffs appeal.

1. The devisees took under the will a vested fee simple estate in remainder; but this was subject to be defeated by their deaths before that of the life tenant. Mercantile Bank v. Ballard's Assignee, 83 Ky., 481, 7

R., 478, 4 A. S. R., 160; Pruitt v. Holland, 92 Ky., 641, 18 S. W., 852, 13 R., 867; Lewis v. Shropshire, 68 S. W., 426, 24 R., 331.

2. Under Article 6, of Chapter 63, General Statutes, a sale of property so held was authorized. Scheirich v. Maxwell, 89 S. W., 4, 28 R., 173. That statute authorizes the sale of remainder and contingent interests in real property upon the petition of any person having a present or vested interest therein, for the purpose of re-investment of the proceeds. See Kalfus v. Davie, 110 S. W., 871, wherein the whole of article 6 is cited.

But it seems to be contended by the appellants that, under the statute mentioned, such a sale would not take with it the rights of persons not made parties to the action; that, as the testator died intestate in respect of the disposition which should be made of the property in the event of the death of all the remaindermen prior to that of the life tenant, there was a possibility of reverter which came into being upon the death of the last remainderman and passed to the heirs-at-law of the testator upon the defeat of the fee; and that, as appellants were not made parties to the action in which such sale was had, before the defeat of the fee, the sale could not operate to extinguish their possibility of reverter.

The statute in question provides that the sale thereunder made shall invest the purchaser with all the title of the present and future contingent claimants to the said real estate; and we think this is amply broad enough to cover the possibility of reverter in such a case as this No sale may be had under the statute mentioned unless it be for the purpose of re-investment of the proceeds.

And, when the action is brought under this statute, and the judgment directs a re-investment of the proceeds of the sale, the proceedings being regular, the purchaser takes an absolute title, the possibility of reverter being extinguished, so far as the property sold is concerned. Such a proceeding cannot prejudice the rights of those in whom there is a possibility of reverter in the event of the defeat of the fee, for in such event they may look to the proceeds of the sale or to the property therewith purchased.

The petition herein alleged that the action No. 43540 was brought for a sale and "division of the proceeds of sale." But this is a mere conclusion of the pleader. In the absence of the record in that proceeding or a more

definite averment with respect to what it contains, such allegation is insufficient to overcome the presumption of regularity that attaches to the judgment therein. The plaintiffs have chosen to attempt a collateral attack upon that judgment; and having so chosen, it was incumbent upon them to set forth the proceedings had therein, in such manner as to enable the court to determine whether the judgment therein was void.

For these reasons, the chancellor's action in sustaining the demurrer to the petition was right. The judgment appealed from is therefore affirmed.