### Hinkle v. Hinkle.

(Decided February 3, 1916.)

### Appeal from Nelson Circuit Court.

1. Wills—Construction—Defeasible Fee.—Under a will, by which the testator devises to his wife certain property "to be hers to hold, use and control and to be responsible to no one for her management as long as she shall remain my widow," and providing, "should she desire to marry again, before such marriage I want my estate as it shall then be found to be regularly administered under the laws of Kentucky by a competent appointee of the court," the wife takes her defeasible fee, subject to be defeated by her remarriage and converted into a life estate in one-third of the real property.

2. Deeds—Defeasible Fee—Alienation.—The owner of a defeasible fee may sell the property, but cannot convey a perfect title. The title of the purchaser will be subject to defeasance.

MORGAN YEWELL for appellant.

C. T. ATKINSON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Reversing..

On August 2, 1912, C. B. Hinkle died testate a resi-
dent of Nelson county. He left surviving him his wife,
Katie C. Hinkle, and an infant daughter, Pauline C.
Hinkle. At the time of his death he was the owner of
certain real estate in Bardstown. After making certain
specific bequests to his mother, his widowed sister and
his brother, which are not material to this controversy,
his will, which was duly probated by the Nelson county
court, is as follows:

"I give all the rest of my property, both real and
personal of every kind and wherever located to my be-
loved wife, Katie C. Hinkle, to be hers to hold, use and
control and to be responsible to no one for her man-
agement as long as she shall remain my widow. Should
she desire to marry again, before such marriage I want
my estate as it shall then be found to be regularly admin-
istered under the laws of Kentucky by a competent ap-
pointee of the court.

"I ask the court to appoint my beloved wife, Katie
C. Hinkle, as sole executrix of my estate and to require
no security of her as such.

"Given under my hand and seal in the presence of
two witnesses, whose names are signed below, this the
23rd day of July, 1912."

Plaintiff, Katie C. Hinkle, brought this suit against
her daughter, Pauline C. Hinkle, to have the will con-
strued. The chancellor adjudged that plaintiff took only
a life estate in the property devised, subject to be de-
feated by her remarriage, with power to hold, use and
control without responsibility for her management dur-
ing her widowhood, but without power of alienation.
Plaintiff appeals.

It is clear that the testator intended, in case plaintiff
married again, to adopt and did adopt the statute of
descent and distribution as part of his will. In the
event of her remarriage, therefore, she will take only
a life estate in one-third of the real property. In view
of the language employed, and of the fact that there is
no limitation over unless plaintiff marries again, we con-
clude that she takes a defeasible fee, subject to be de-
feated by her marriage and converted into a life estate
in one-third of the real property. While she may sell

such property if she is able to find a purchaser who is willing to run the risk of her remarriage, she cannot convey a good title. The purchaser may acquire a good title if she dies without having contracted another marriage. If she does marry again, the purchaser will acquire only a life interest in one-third of the property. As the chancellor held that plaintiff took a mere life estate, subject to be defeated by her remarriage, and that she had no power to alienate the property, it follows that the judgment is erroneous.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.