## Fulton v. Teager, et al.

(Decided February 25, 1919.)

## Appeal from Fleming Circuit Court.

1. Deeds—Defeasible Fee.—A defeasible fee, is a vested estate and may be sold and conveyed, and the title will be good in the vendee, unless the event occurs, which defeats the estate, in which event, the title fails.

2. Deeds—Remainders.—If the owner of a remainder interest, is capacitated to enter into the possession, as soon as the life estate, upon which it is limited, ends, it is a vested remainder, and the owner may sell and convey it, and pass a good title, as he is the owner of the fee, subject only to the life estate.

3. Deeds—Defeasible Fee—Contingent Remainders—Executory Devise.—A contingent remainder can not be limited upon a defeasible fee, but, a contingent interest may be limited upon such a fee, by a will, and it constitutes a valid estate, but, it is not a remainder, but an executory devise.

4. Deeds—Contingent Interest.—A contingent interest in lands, created by an executory devise, may be sold and conveyed by deed, or it may be devised by will.

5. Deeds—Contingent Interest.—A contingent interest, in lands, created by an executory devise, may be conveyed, where the person to whom the interest is to pass, if the contingency happens, is fixed and certain, and the uncertainty making it a contingent interest arises only from the uncertainty of the event, upon which the interest will vest, and such a contingent interest, when conveyed, will vest in the vendee, when the event, upon which it depends, occurs, or it will pass, by inheritance, to the heirs of the one to whom it is to pass, if such one is dead, when the event occurs, upon which the interest will vest.

C. W. FULTON for appellant.

JOHN P. McCARTNEY for appellees.

OPINION OF THE COURT BY JUDGE HURT—Affirming.

The appellees, Emma Irene Teager, Emma Louise Stealey and J. Stealey Teager, by this action, sought to compel the appellant, C. W. Fulton, to, specifically, perform a contract, in writing, which they had entered into with him, for the sale of a house and grounds. He refused to accept a deed tendered to him or to pay the price, which he had agreed to pay for the land, insisting, that the appellees were not able to convey, to him, a good title for the property. The circuit court sustained

the contentions of the appellees and adjudged, that the deed tendered, conveyed, to appellant, a good legal title, and that he should pay, to appellees, the price promised for the conveyance to him of the property, and he has appealed.

The decision, requires a construction of the last will and testament of M. M. Teager, under which the appellees claim title to the property. The clauses of the will, which bear upon the questions, for decisions, are as follows:

"2nd. I bequeath to my wife, Emma Irene Teager, all of my real and personal estate, to have and to hold, in her own right, during her natural life, and at her death, to go, in remainder, to my son, J. Stealey Teager, and my niece, Emma Louise Stealey, equally, share and share alike to be enjoyed and disposed of as they may mutually agree. . . .

"3rd. In the event of the death of the niece, Emma Louise Stealey, unmarried and without a child or children, living, prior to that of my said wife, it is my will, that her share, shall revert to my said wife during her natural life, with remainder to my son, J. Stealey Teager."

The contract provided for a conveyance of the property to appellant, by the appellees, by the execution and delivery of a deed containing covenants of general warranty, as to the title.

The second clause of the will devises to Emma Irene Teager, a life estate, in the house and grounds, and no question is made of her ability to convey a good title to her interest in it. In the second clause, the remainder in one-half of the house and grounds, is devised to J. Stealey Teager. The remainder interest, in the one-half, devised to J. Stealey Teager, by the second clause of the will, is not modified nor qualified, in any way, by any other clause or provision of the will. He has the right to take possession of one-half of the property, immediately, upon the termination of the life estate held in it by Emma Irene Teager. The death of the life tenant, is an event, which is certain to occur. There is nothing, which can prevent, the enjoyment by possession of the moiety, devised to him, immediately, upon the death of the life tenant, except his death before the termination of the life estate. There is, by the terms of the will, no postponement of any right, in the undivided one-half of

the property, devised to him, by the second clause of the will, except the possession, which was postponed until the death of the life tenant. Such an estate is one, which vested, in interest, in him, as soon as the will of the testator became effective. The owner of such an estate, being the owner of the property, in fee, subject only, to the life estate of another, may sell and convey it, and pass a legal title to it, subject to the life estate, only. White v. Clark Nat. Bank, 22 K. L. R. 932; Moore v. Offutt, 94 Ky. 568; Phillips v. Thomas, etc., 94 Ky. 545; Brown v. Ferrill, 83 Ky. 417; Mercantile Bank v. Ballard, 83 Ky. 481; Railey v. Milan, 9 R. 409, and many others.

By the second clause of the will, the remainder interest in half of the property, is devised to Emma Louise Stealey. The third clause, provides, that, if she shall die, unmarried and without a child or children then living, before the death of the life tenant, the share devised to her (Emma Louise) shall revert to the life tenant during her life, with remainder to J. Stealey Teager. The latter clause gives nothing to the life tenant, because, by the second clause, a life estate, in all the property, is given to her. The clause really provides only, that in the event of the death of Emma Louise Stealey, unmarried, and without a child or children then living, before the death of the life tenant, that the one-half of the remainder of the estate, which was devised to her (Emma Louise) by the second clause of the will, was devised over to J. Stealey Teager. The question then arises, as to what character of estate has Emma Louise, and what ability has she to convey a good legal title to it? By the second clause of the will, the remainder, in one-half of the property, is expressly, devised to her. She is yet living, and if the life estate should terminate, she is capable of becoming, at once, vested with the possession. The termination of the life estate, by the death of the life tenant, is a certain event, in course of time. There is nothing to prevent her investment with the possession, except her death during the continuance of the life estate. The law favors vested estates, rather than those, which depend upon contingencies. Hence, her estate is a fee. It is a vested remainder, but, subject to be defeated, by her death, unmarried, and without a child or children then living, before the death of the life tenant. Johnson v. Whitcomb, 166 Ky. 673; Mercantile

Bank v. Ballard, 92 Ky. 641; Robb's Guardian v. Orm's Extr., 164 Ky. 752; Wills v. Wills, 85 Ky. 486; McCoy v. Ferguson, 164 Ky. 136; Hinkle v. Hinkle, 168 Ky. 286; Fox v. Vanfleet, 160 Ky. 796; Pearcy v. Greenwell, 80 Ky. 616. She can sell and convey the interest in the property devised to her by the will, and make a good title thereto, and the title to the moiety, would remain good in the vendee, unless she should die, without a child then living, during the continuance of the life estate, but, in that event, the title would fail, so far as it rests upon the title conveyed by Emma Louise Stealey. If she should outlive the life tenant, or if she should die prior to the death of the life tenant, but, have a child or children then living, the title to the moiety of the property devised to her, would remain good in the vendee, as the contingent interest devised to J. Stealey Teager, in the third clause of the will would thereby, be defeated, because it would be impossible for it to ever vest, either in interest or possession.

The third clause of the will gives to J. Stealey Teager, an interest in the one-half of the remainder devised to Emma Louise Stealey, by the second clause, and the question presented, is whether such an interest is alienable, and if so, will such interest pass to the vendee, by the deed of J. Stealey Teager, in a way to convey a legal title to the moiety, in which Emma Louise Stealey has, at the present, a defeasible fee in remainder, in the event, that her estate should be defeated, by her death, without a child then living, in the lifetime of the life tenant. The interest devised to J. Stealey Teager by the third clause of the will, is a contingent one, and dependent upon the contingency of the death of Emma Louise Stealey, without a child or children then living, before the death of the life tenant. His interest, however, is not a contingent remainder. A remainder can not be limited upon a fee, because it would be the creation of an estate in derogation of the fee, and this ancient doctrine of the common law, yet, prevails, although the fee should be a qualified one, or a conditional or base fee, as is a defeasible fee. The interest devised to J. Stealey Teager, in the portion of the property, which was devised to Emma Louise Stealey, in remainder, has all the elements of a contingent remainder, except that it is a contingent estate limited upon the defeasible fee of Emma Louise Stealey, which by the common law, is an

impossibility. It is, however, an interest in the land, and is of that character of estates, which have grown up under the statute of uses and the statute of wills, and now, well recognized, and which, if created by a deed, would be denominated an estate upon a conditional limitation, and when created by a will, as was this one, is called an executory devise. Such an estate can be limited upon a defeasible fee, by a will, and is a valid estate. Hart v. Thompson, 3 B. M. 482; Sale v. Crutchfield, 8 Bush 636; Daniel v. Thompson, 14 B. M. 533; Murphy v. Murphy, 183 Ky. 731.

Section 2341 Ky. Stats. provides, that, "any interest in, or claim to real estate, may be disposed of, by deed or will, in writing." The terms of this statute seem to have effectually closed all discussion, as to whether a contingent interest, created by will, in the nature of an executory devise, in lands, can be the subject of sale and conveyance, and remove all the difficulties, which arise from distinctions, theretofore, drawn between estates, which were subject to alienation and those, which could not be alienated. Nutter v. Russell, 3 Met. 146. Hence, any kind of an interest in lands, may be subject to alienation, contingent remainders, executory devises, conditional limitations, as well as vested interests. While at the common law, a contingent remainder, before the contingency happened, upon which the remainder was to vest, could not be transferred at law, but it might be assigned, in equity. If attempted to be transferred at law, it could be made effective in no way, except by the common law precedure of fine or common recovery, which constituted an estoppel, but, since the enactment of the above statute, a contingent remainder is held to be a thing of vendible value and may be subjected for the owner's debts, and under the express terms of the statute, is the subject of alienation by deed or will. People's Trust Co. v. Deweese, 143 Ky. 730; McAlister v. Ohio Valley Banking Co., 114 Ky. 540; White v. White, 86 Ky. 602; Davis v. Wilson, 115 Ky. 639; Grayson v. Taylor, 80 Ky. 358; Jacob v. Howard, 15 R. 133. The contingent interest of J. Stealey Teager in the portion of the remainder, in which Emma Louise Stealey, was devised a defeasible fee, being an interest in real estate, may be sold and conveyed by deed. As to what the purchaser, of a contingent remainder or a contingent interest created by an executory devise, would

receive, however, will depend upon the terms and conditions upon which the interest was created, by the instrument of its creation, and in whom the contingent estate, vests, when the contingency occurs, which causes it to vest. Leppes v. Lee, 92 Ky. 16. If the instrument should provide, that upon the happening of the event, upon which the contingency vested, the property should go to a designated one, if then living, but, if not living, then to another, the purchaser of such contingent interest, would be defeated, in the enjoyment of the property, by the death of his vendor before the happening of the contingency, his death prior thereto working a defeasance of the interest.

If, however, in the instant case, Emma Louise Stealey, should die, without having a child then living, before the death of the life tenant, the contingent interest of J. Stealey Teager, would then, become a vested one, because there would be nothing, which would incapacitate him from taking the possession, in case of the death of the life tenant, and having therefore conveyed his contingent interest, by joining in a deed, by which the entire property purported to be conveyed, with covenants of general warranty, there could be no doubt, but, what his deed, theretofore made, would estop him from claiming any interest in the property, and from denying the title of his vendee to it, and his heirs would, likewise, be estopped, since they could only claim by inheritance from him and not as devisees under the will. Massie v. Sabastin, 4 Bibb 433; McIllvaine v. Porter, 9 K. L. R. 899; Churchill v. Ferrill, 1 Bush 54; Fitzhugh v. Tyler, 9 B. M. 559; Griffith v. Dicken, 4 Dana 561; Logan v. Steele, 4 T. B. M. 430; Hutcherson v. Coleman, 2 J. J. M. 244; Smith v. Mahan, 7 T. B. M. 228; Bohan v Bohan, 78 Ky. 408; Nunnally v. White, 3 Met. 584; Perkins v. Coleman, 90 Ky. 611; 16 Cyc. 689. The sufficiency of the title does not, however, rest, altogether, upon the doctrine of estoppel but will rest upon the conveyance of the contingent interest, as will be, hereafter, shown.

The following situation, which might arise, is suggested: if J. Stealey Teager, after having conveyed his entire interest in the property, including the contingent interest, by a deed, with covenants of general warranty, should die, during the continuance of the life estate, and while Emma Louise Stealey was yet alive, and there-

after, the latter should die, without a child then living, before the termination of the life estate, in whom would the contingent interest then vest? Would the contingent interest vest in the vendee, by reason of the conveyance of it to him, or would it, under the terms of the will—the instrument, which created it—pass to, and vest in another person or revert to the heirs of the testator? It will be observed, that the contingent interest is devised to J. Stealey Teager. There is no devise over, in the event of his death, before the contingency upon which the interest would become vested. There is no provision of the will, which under any circumstances, provides, for the contingent interest going to any other person. The uncertainty, which makes the interest a contingent one, is not an uncertainty as to who is to have the remainder, if the contingency happens. That is definitely and conclusively fixed by the will. The thing, which makes the contingency, is the uncertainty, as to whether the event will happen, upon which the interest will vest. Such a contingent interest as this, is more than a mere possibility or expectancy, but is a possibility coupled with an interest, and may be conveyed in the absence of such a statute, as section 2341, *supra*. Such an interest conveyed, passes to the vendee, all the rights in the contingent interest, which the vendor would have had, if living at the time of the happening of the contingency, upon which the interest would vest, and upon the happening of the contingency, the interest would vest in, and pass to the vendee. If there was anything in the terms or conditions of the devise of the contingent interest, which would defeat its vesting in the devisee, at the happening of the contingency, as a matter of course, it would not vest in his vendee, but, in the instant case, there is nothing, which could prevent the vesting of the interest in the devisee, upon the happening of the contingency, if he is then living, and if not alive at that time, it will pass to and vest in his heirs, not under the will, but by inheritance, if he had not disposed of it theretofore, by deed or will. The declaration, that the contingent interest created, in the instant case, would, if the devisee had not conveyed it in his lifetime, or devised it by will, have passed, by inheritance, to his heirs, may be challenged. It is true, that the clause of the will, which created the contingent interest, in the devisee, does not accompany the gift with any words of inheri-

tance, but section 2342, Ky. Stats. provides, that "unless a different purpose appears by express words or necessary inference, every estate in land, created by deed or will, without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of." The interest being one, which would have descended to the heirs of the devisee, by inheritance, in the event of his death, it would, unquestionably, vest in the vendee of the devisee; when the event occurred, upon the happening of which the interest vested, the devisee having conveyed it to another.

It appearing, that the deed with covenants of general warranty tendered, will convey to appellant a good title to the property, the judgment is therefore affirmed.