## Goodman v. Carpenter, et al.

(Decided September 24, 1920.)

### Appeal from Shelby Circuit Court.

1. Wills—Defeasible Fee—Contingent Remainder.—Where property was devised to F. with the provision that if she should die with-

out bodily heirs, the property should return to the other children of the testator, F. took a defeasible fee in the estate and the other children a contingent remainder.

2.  Deeds—Remainders—Conveyance of Contingent Interest.—The owner of a defeasible fee and the contingent remaindermen, all of them being of age, may join in a a conveyance and pass a good title to land in which one of the parties has a defeasible fee and the others a contingent remainder, although the contingent remaindermen might die leaving children before the happening of the contingency on which the remaindermen would take the estate.

3.  Wills—"Bodily Heirs" Means Children.—Where the testator gave land to F. and if she should die without "bodily heirs" to her other children, the testator used the words "bodily heirs," in the sense of children and meant that if F. should die without leaving children the property should go to others.

4.  Judicial Sales Under Code—Provisions Not Applicable to Interest of Adults.—The code provisions embraced in chapter 14, of the Civil Code relate to the sale of the land of persons under disability and have no application to a state of case in which all the persons concerned are free from disability.

BARRICKMAN & KALTENBACHER for appellant.

BECKHAM & GILBERT for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

Bushrod Figg died leaving surviving him his wife and several children, among them being his daughters Gertrude Figg, and Stella Crosby Figg, who married John Carpenter.

In his will, the testator provided in one clause that "if my real estate is sold the shares of my two daughters, Gertrude Figg, and Stella Crosby Figg (now Carpenter), is to be invested in land which can not be spent during their natural life and if they should die without bodily heirs the property will come back and be equally divided between my other children."

After his death his land was sold and in the distribution of his estate there came into the possession of his daughter, Stella Crosby Carpenter, $2,640.00. This sum was invested, together with a like amount contributed by John Carpenter, in a tract of land in Shelby county, Kentucky. In the deed conveying to them this land it was stipulated that an undivided one-half interest was conveyed to Stella Crosby Carpenter, under the terms of the will of her father, Bushrod Figg, or in other words

if she should die without bodily heirs, her interest in the land should return to and be equally divided between the other children of Bushrod Figg.

Some time after this the Carpenters purchased from the appellants, Goodmans, a tract of land in Shelby county, and in part payment therefor agreed to convey to the Goodmans by a good title, the land they owned, under the deed mentioned.

Pursuant to this arrangement the Carpenters tendered to the Goodmans a deed to the land, in which deed the widow and all the other children of Bushrod Figg, they being of age, joined as grantors.

The Goodmans, apprehending that the deed would not pass a good title to the interest of Mrs. Carpenter, refused to accept it, and thereupon the Carpenters brought this suit against the Goodmans for a specific performance of the contract. The case coming before the judge of the lower court on a demurrer to the petition, the court held that Stella Carpenter "has a defeasible fee in the tract of land sold, to be conveyed with remainder, in the event of the fee being defeated, to the other children of Bushrod Figg, deceased, as shown by the petition; and adjudges that as all of the children, together with their wives, have joined in the deed with the owner of the fee and her husband, that the plaintiffs are able to convey a good, fee simple title thereto," and further adjudged that "one-half of the purchase price of said land, to-wit: $6,500.00 with interest from the date of sale is the proceeds of the property arising from the estate of Bushrod Figg, deceased; and it is ordered that the title to the property to be deeded to the plaintiff by the defendant to the extent of $6,500.00 with interest as above set out, be deeded to the said Stella Carpenter, but in the event she dies without issue, then to become the property of the other children of Bushrod Figg set out in his will. It is directed that the $6,500.00 be invested in the number of acres the amount herein will buy at the agreed purchase price, title to same to be taken as above set out free of all liens and incumbrances of any kind, and any lien that may be retained, for balance of purchase money to only affect the land to be conveyed to Stella Carpenter and husband absolutely."

It will be observed that the lower court in the judgment directed that in the deed to be made to the Carpenters by the Goodmans for the land the Carpenters were to take in exchange for their land, the interest of Mrs. Carpenter should be held by her in the manner pro-

vided in the will of Bushrod Figg, so that the interest of all the children of Bushrod Figg is as carefully protected as it was in the land in which the estate she received from him was first invested.

It will thus be seen that the only question in the case is, could Stella Carpenter and her husband, together with the widow and all the children of Bushrod Figg, the children being the same he left surviving him and all being of age, joining as grantors in the deed convey to the Goodmans a good title to the interest of Stella Carpenter in the land they proposed to convey to the Goodmans?

It is argued by counsel for the Goodmans that if Mrs. Carpenter should die without bodily heirs, or rather children, the property in question would revert to and be equally divided between the living children of Bushrod Figg, at the time of the death of Mrs. Carpenter without children, and if any of the now living children of Bushrod Figg should die before that time leaving children the estate of Mrs. Carpenter would pass under the will of Bushrod Figg to the grandchildren, and therefore it is said that the now living children of Bushrod Figg cannot make a good title.

We do not find ourselves able to agree with counsel in this contention. Mrs. Carpenter took in this estate what is known as a defeasible fee, subject to be divested by her death without leaving children, or, in other words, if she should die without leaving children the estate under the will would revert to the other children of Bushrod Figg. We use the word "children" because the testator in the use of the words "bodily heirs" meant children. If, however, she died leaving surviving her children then these children would take the fee by inheritance from her.

It follows from this that the other children of Bushrod Figg, who would be the beneficiaries of the estate if Mrs. Carpenter died without leaving children, took a contingent remainder in the estate, the contingency on which they would become invested with the title depending on whether Mrs. Carpenter died with or without children.

So that Mrs. Carpenter had what is known as a defeasible fee and the other children of Bushrod Figg what is known as a contingent remainder, and this contingent remainder the now living children of Bushrod Figg can sell and convey, passing by the conveyance not only all of their right, title, and interest, but all the

right, title and interest that their children would take if the now living children should die previous to the death of Mrs. Carpenter. Peoples Trust Co. v. Deweese, 143 Ky. 730.

In the case of Fulton v. Teager, 183 Ky. 381, we had a question very much like the one here presented. In that case M. M. Teager, the testator, gave to his wife all his estate for life, with remainder to his son, J. Stealey Teager, and his niece, Emma Louise Stealey, share and share alike, and in the third clause he provided that "in the event of the death of the niece, Emma Louise Stealey, unmarried and without a child or children living, prior to that of my said wife, it is my will that her share shall revert to my said wife during her natural life, with remainder to my son, J. Stealey Teager."

The question was whether Emma Louise Stealey, together with J. Stealey Teager and the widow, could convey a good title to the interest in the land devised to her by the testator; in the course of the opinion holding that these parties could convey a good title the court said: "Section 2341, Kentucky Statutes, provides, that, 'any interest in or claim to real estate may be disposed of by deed or will, in writing.' The terms of this statute seem to have effectually closed all discussion as to whether a contingent interest, created by will, in the nature of an executory devise in lands can be subject to sale and conveyance and remove all the difficulties which arise from distinction, theretofore drawn between estates which were subject to alienation and those which could not be alienated. Nutter v. Russel, 3 Met. 146. Hence any kind of an interest in lands, may be subject to alienation, contingent remainders, executory devises, conditional limitations, as well as vested interests," and further said: "If, however, in the instant case Emma Louise Stealey should die without having a child then living, before the death of the life tenant, the contingent interest of J. Stealey Teager would then become a vested one, because there would be nothing which would incapacitate him from taking the possession in case of the death of the life tenant, and having theretofore conveyed his contingent interest by joining in a deed by which the entire property purported to be conveyed with covenants of general warranty, there could be no doubt but what his deed theretofore made would estop him from claiming any interest in the property, and from denying the title of his vendee to it, and his heirs would, likewise,

be estopped, since they could only claim by inheritance from him not as devisees under the will," and further said: "It will be observed that the contingent interest is devised to J. Stealey Teager. There is no devise over, in the event of his death, before the contingency upon which the interest would become vested. There is no provision of the will which, under any circumstances, provides for the contingent interest going to any other person. The uncertainty, which makes the interest a contingent one, is not an uncertainty as to who is to have the remainder, if the contingency happens. That is definitely and conclusively fixed by the will. The thing which makes the contingency is the uncertainty as to whether the event will happen upon which the interest will vest. Such contingent interest as this is more than a mere possibility or expectancy, but is a possibility coupled with an interest; and may be conveyed in the absence of such a statute as section 2341, *supra*. Such an interest conveyed, passed to the vendee, all the rights in the contingent interest which the vendor would have had if living at the time of the happening of the contingency upon which the interest would vest, and upon the happening of the contingency the interest would vest in and pass to the vendee. If there was anything in the terms or conditions of the devise of the contingent interest which would defeat its vesting in the devisee, at the happening of the contingency, as a matter of course it would not vest in his vendee, but, in the instant case, there is nothing, which could prevent the vesting of the interest in the devisee, upon the happening of the contingency, if he is then living, and if not alive at that time it will pass to and vest in his heirs, not under the will, but by inheritance if he had not disposed of it theretofore, by deed or will."

It is further argued that as the will of Bushrod Figg provided that the interest of Stella Crosby Figg, now Mrs. Carpenter, could not be spent during her natural life this limitation prohibited the sale of her interest in the land of which the estate received from Bushrod Figg was invested, unless suit was brought for the purpose under the applicable section of the Civil Code.

But we do not think a suit necessary to enable Mrs. Carpenter to reinvest the money she received from her father's estate that was invested in the land she proposed to convey to the Goodmans; these Code provisions only apply to estates of infants and persons under dis-

ability, and in this case all the persons now concerned are adults.

Nor does the provision in the will of Bushrod Figg, that the estate received by Mrs. Carpenter could not be spent during her natural life, put any obstacle in the way of the conveyance of a good title in this case, because it is provided in the judgment that the money of Mrs. Carpenter received under the will of her father should be invested in the Goodman land under the same conditions and limitation that the first investment was made. So that Mrs. Carpenter cannot under the Goodman deed make any disposition of the interest purchased with the estate devised by her father, that she could not have made with it under the conveyance made to her when this money was first invested.

Wherefore the judgment is affirmed.