# Vittitow v. Birk.

March 27, 1942.

Byron & Sandidge for appellant.

Cary, Miller & Kirk and Robert Todd Sweeney for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

Following certain specific bequests and directions unrelated to this controversy, R. H. Glover, by the second clause of paragraph 9 of his will, devised his real estate to his grandsons, in the following language:

> "I will, bequeath and devise all my personal property not otherwise disposed of herein, and all real estate wheresoever situated to my legal heirs as the law of Kentucky directs. If either of my grandsons should die leaving no issue of the body then the remaining grandson shall have his brother's share as well as his own. This shall apply to real estate as well as personal property."

F. J. Birk and Glover M. Birk, brothers, and admittedly testator's only heirs at law, are the grandsons referred to; and in October, 1934, the former, by deed containing a covenant of general warranty, conveyed to the latter all of his right, title, and interest in and to certain real estate owned by the testator at the time of his death, including a parcel known as 110 E. Fifteenth Street, in the city of Owensboro. This property has been

sold by the appellee, Glover M. Birk, to the appellant, J. A. Vittitow, who has declined to accept the tendered deed on the ground that appellee could not convey a fee simple title as he was required to do by the contract of sale; and this proceeding was instituted to determine the rights of the parties and to compel the appellant to accept the conveyance. The Chancellor adjudged appellee to be the owner of the fee simple title to the property and granted the relief sought. Hence, this appeal.

We shall not embrace the opportunity, thus afforded, to discuss the distinctions between remainders and executory devises, or the reasons which gave rise to the invention of the latter. Suffice it to say that, under the well settled law of this State, each grandson took a defeasible, or, as it is frequently denominated, a determinable fee in one-half of testator's real estate. In addition, each acquired an "executory interest" in the lands of the other, which he could convey at will. Kentucky Statute 2341; Clay v. Clay, 199 Ky. 4, 250 S. W. 829. Therefore, when F. J. Birk conveyed his interest to appellee, he parted, not only with his then existent estate, namely, his defeasible fee in one-half, but with his right to take the future estate which would arise in the other one-half should appellee die without issue. The tendered deed from appellee to appellant will vest the latter with the entire present estate in the land, as well as any future estate which might arise from the happening of the contingency provided for in the will. The result is the same, whether the actual and possible future estates be regarded as merged, or whether the deeds be construed as creating estoppels against the grantors. Fulton v. Teager et al., 183 Ky. 381, 209 S. W. 535.

As fully substantiating these views, as well as shedding all needed historical light on the subject, see 4 Kent Commentaries, 296, 19 Amer. Jurisprudence, 493, Section 34; McWilliams v. Havely et al., 214 Ky. 320, 283 S. W. 103.

Judgment affirmed.