## Kellogg v. Meadows.

November 16, 1948.

Rehearing denied January 21, 1949.

Fred M. Warren for appellant.

Lorimer W. Scott for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

Mrs. Kathryn Ebert Meadows, the appellee, sued John C. Kellogg, the appellant, seeking to require him to accept her deed for real estate and to pay her $8000

therefor in accordance with a specific contract between them. After issue had been joined only on the question of the complete ownership of appellee of the title to the subject real estate, the chancellor rendered judgment in favor of Mrs. Meadows, upholding her complete owner-- ship of such title and requiring Kellogg to accept the deed and pay the money. Kellogg appeals.

It is now contended that the judgment is reversibly erroneous because Mrs. Meadows owns, as a matter of law, an incomplete ownership of title to the subject real estate.

It appears that Mrs. Meadows' title came from Paul J. Sipes, who purchased the same in 1936 at a sheriff's execution sale. The execution sale title came from Jos- eph Boehmer, who first became vested with the same in 1925 upon the death of his mother and the effectiveness of her last will.

The Boehmer will contained the following clause: "To my daughters Eleonora Barbara Lickert and Mary Katherine Boehmer and my son Joseph Boehmer, as a class and as tenants in common, I give, devise and be- queath my real property situated at the southeasterly corner of Tenth and Boone Streets, in the City of New- port, Campbell County, Kentucky, in fee simple, share and share alike, subject, however, to the following re- strictions and conditions, that is to say: each of said devisees, to wit, my daughters and my son Joseph, shall have the right, while unmarried, to occupy such real property as a home for life. Such real property may be sold, however, if all the owners thereof consent. Upon the death of one of such devisees, without issue, such property not having been previously sold, his or her share of such property shall go to the survivors, and upon the death of two of such three devisees, each with- out issue, such real property (if not having been pre- viously sold), shall go to the survivor in fee simple."

Now we have already held, in general substance and in a case involving this very same title, that Joseph Boehmer acquired, upon the effectiveness of this will, title to a defeasible fee in an undivided one-third inter- est in this property plus a right to a future ownership of the entirety should he survive with issue the death

of his two sisters without issue. See Sipes v. Boehmer, 291 Ky. 824, 165 S. W. 2d 807.

Eleanora died without issue in 1935. Joseph himself died with issue in 1944, eight years after the sheriff's execution sale of his title to this real estate. Mary died without issue in 1945.

A close study of the controversial clause of this will reveals that it contains the two following contingencies with the two following results produced by their occurrences:

(1) Upon the death of one (of the three devisees) without issue, this property shall go to the two survivors;

(2) Upon the death of two (of the three devisees) without issue, then this property shall go to the one survivor.

The first contingency occurred in 1935 when Eleanora died without issue. The occurrence of that contingency merely changed Joseph's defeasible fee from one amounting to a one-third interest to one amounting to a one-half interest. It likewise did the same to Mary's defeasible fee.

The second contingency never did occur because no two devisees ever died without issue and left a survivor.

But when all possibilities of any occurrence of the second contingency faded out with the fading breath of Mary, the last survivor, then all imperfections of the defeasible fees of both Joseph and Mary, one-half being in each, became resolved into perfections. And, since Joseph and Mary had already died, the perfections of their defeasible fees inured to the benefit of their respective assigns, children or heirs at law. That means that Joseph's perfection of defeasible fee in a half interest in this property inured to Joseph's remote assignee, Mrs. Meadows, while Mary's perfection of defeasible fee to the same extent and in this same property inured to her own assignees or heirs at law, whoever they might prove to be upon any final analysis of that question.

The owner of a defeasible fee may sell the property, but cannot convey a perfect title. The title of the pur-

chaser will be subject to defeasance. Hinkle v. Hinkle, 168 Ky. 286, 181 S. W. 1116.

A defeasible fee is descendable and assignable, and the owner, while his title continues, has the same right to the exclusive use and enjoyment of the land and has complete dominion over it for all purposes as though he held it in fee simple. The owner of a defeasible fee cannot alone convey a perfect title to the property, and if he conveys in fee, the determinable quality of the estate follows the transfer. Riner v. Fallis, 176 Ky. 575, 195 S. W. 1102.

A defeasible fee is a vested estate and may be sold and conveyed, and the title will be good in the vendee, unless the event occurs which defeats the estate, in which event, the title fails. Fulton v. Teager, 183 Ky. 381, 209 S. W. 535.

Under the authorities cited above, we consider that the defeasible fee, originally for one-third interest but later increased to a one-half interest, which defeasible fee was previously declared by us to have vested in Joseph Boehmer, together with all future possibilities relating to this property, became first transferred unto Sipes by the execution sale, became thereafter transferred by a deed to Mrs. Meadows, in the hands of whom the imperfection in such half interest became a perfection immediately upon the death of Mary without issue in 1945. But Joseph's perfection of title in the remote hands of Mrs. Meadows became such, for the reason explained, only as to an undivided half interest in this property. It could never have become a perfection of a whole interest in any devisee except through (A) his or her survivorship and (B) his or her survivorship with issue. No devisee ever fulfilled those two requirements.

Wherefore, the judgment is reversed for proceedings consistent herewith.