## Weinberg et al v. Werft et al.

January 21, 1949.

As Extended March 18, 1949.

**732**

Alex Berman for appellants.

Hardy & Logan for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The case tests the power of the devisees of Bertha Moeller to convey a fee simple title to property at the corner of Clay and Market Streets in Louisville. Other than provisions for the payment of testatrix' debts and the nomination of an executrix, the will is as follows: "I give the rest of my estate, real, personal, and mixed and wherever situated in equal shares to my three children, Lillian E. Moeller, Antoinette Moeller, and John E Moeller, to be theirs absolutely. If either of my three children should die without issue, the part going to the deceased child is to be equally divided between the children that may survive."

For many years a statute, now KRS 381.080, has determined the interpretation to be placed upon a devise of this character. However, the generality of the statute and the individuality of wills have produced difficulties in application. Four different categories or rules of application have been recognized. Harvey v. Bell, 118 Ky. 512,

81, S.W. 671, 26 Ky. Law Rep. 381. Listed in Atkinson v. Kern, 210 Ky. 824, 276 S.W. 977, as the fourth rule of devises or grants where there is no intervening estate and no other period to which the words, "die without issue," can be reasonably said to have reference and nothing else in the will shows a contrary purpose, it is to be construed as creating a defeasible fee which may be defeated by the death of the devisee at any time without issue surviving him.

We are of opinion that the present devise is within that rule for the second sentence of the clause qualifies the absolute devise of the first and gives to each of the three children a defeasible fee, determinable upon their respective deaths. Atkinson v. Kern, supra; Walters v. Walters, 238 Ky. 290, 37 S.W.2d 48. To avoid being personal, we may for illustration designate the devisees as A, B and C. If A dies with issue surviving, his title will instantly become absolute; if he has no issue, then his title is defeated and the fee passes under the will to B and C jointly and equally. The same is true as to B except that if he dies without issue his one-third interest in the estate acquired under the will passes to C. In that state of case C would then own two-thirds interest in fee simple. Then if C should die with issue, like the others, his title would become a fee. There is no specific provision as to what becomes of the title of the survivor of the three devisees in his remaining one-third if he should die without issue. The question is whether it would revert to the estate, which would direct it to collateral heirs of the testatrix as undevised estate, or whether title would vest in the last survivor upon the death of the other two devisees.

The testatrix manifested a clear intent, positively expressed, to give all of her estate to her three children "absolutely." That is predominant. It was to each share that she attached the contingency. But this does not contradict or negative the main intent. Rather it fortifies the conclusion of complete testacy and the purpose not to have her estate descend to collateral heirs in any event. Upon the death of each devisee the event stated as the boundary of time of continuance of the entailment will have happened. If two of her children should die without issue, the entire property would go ultimately where she desired, namely, to her children, for the entire pur-

pose and object of defeasance will have passed away. We think this conclusion is reasonable. It meets the policy of the law for an early investiture of estates.

From the beginning each devisee had, as we have said, a defeasible fee in one-third of the estate. At the same time he had a contingent remainder in the other two-thirds, that is, the right to the future or executory estates which would come into existence if and when either of the other devisees dies without issue. Goodman v. Carpenter, 189 Ky. 83, 224 S.W. 676; Vittitow v. Birk, 290 Ky. 235, 160 S.W.2d 624. The power of alienation of a defeasible or a determinable fee is not restricted and a grantee takes a like estate subject to be divested or determined upon the happening of the event which qualifies the fee in the grantor. Wills v. Wills, 85 Ky. 486, 3 S.W. 900; Fox v. Van Fleet, 160 Ky. 796, 170 S.W. 185; Hinkle v. Hinkle, 168 Ky. 286, 181 S.W. 1116; Fulton v. Teager, 183 Ky. 381, 209 S.W. 535. Likewise, a contingent remainder in property may be sold and conveyed, subject, however, to failure of title in the event the contingency does not happen. Caperton v. Smith's Trustee, 268 Ky. 223, 104 S.W.2d 440.

It appears that none of the devisees had any children when the judgment was rendered. The question arises as to its effect on any child that may be born if one of the three should predecease the others leaving children who might eventually receive a share of the estate devised to either of the others who may die without issue. We think any unborn children are before the court by virtual representation. The interest of each devisee is of a character that it may be said he represents his children, if any, as well as himself. Each has a contingent interest in the devise to his brother or sister, and that is all that any child of the three could have. There is therefore identity of interest with the presumption that each party can be depended upon to protect the rights of all parties of the class not yet born, which is the basis of the doctrine of virtual representation. Lowe v. Taylor, 222 Ky. 846, 2 S.W.2d 1042; Middleton v. Graves, 229 Ky. 640, 17 S.W.2d 741.

Therefore, since all parties in whom may or could vest the fee simple title to the property involved in this suit joined in the deed, the complete title passed by the

conveyance to the grantee therein. Vittitow v. Birk, supra; Hardin v. Sherley, 292 Ky. 275, 166 S.W.2d 425; Sipes v. Boehmer, 291 Ky. 824, 165 S.W.2d 807. The Circuit Court having so adjudged, the judgment is af-firmed.