## Monroe's Trustee v. Monroe, et al.

(Decided October 3, 1913).

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Deeds—Married Women—Mortgage Executed Upon Wife's Property—Trustees.—Under a deed made by the parties before marriage by which the intended wife's property was conveyed to a trustee in trust for her as her separate estate, no one else taking any interest therein under the deed, a valid mortgage may be executed by the husband and wife, with the concurrence of the trustee, under the present statutes, although the deed provides that the property cannot be aliened or conveyed or charged in anyway, the statute enlarging the rights of married women having been enacted since the deed was made.

2. Married Women—Conveyance of Real Estate With Concurrence of Husband.—Under the present statutes, a married woman may with the concurrence of her husband convey or mortgage any of her real estate whether the legal title is held by her or by another in trust for her.

CLARENCE C. SMITH for appellant.

E. W. C. HUMPHREY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Mrs. Martha H. P. Monroe and her husband, A. Leight Monroe, desire to borrow a sum of money to educate their youngest daughter, and to execute a mortgage to secure the money, on a house and lot on Fourth street in Louisville, the property of Mrs. Monroe.

The question to be determined on this appeal is whether the mortgage will be valid. The question turns on the rights of the parties under the following deed, made shortly before the parties were married:

"This instrument, made and entered into this the 4th day of September, 1879, by and between Martha P. H. Quigley, of Oldham County, Ky., party of the first part, and A. Leight Monroe, of Danville, Ky., party of the second part, and Fannie E. Quigley of Oldham County, Kentucky, party of third part,

"Witnesseth, That whereas a marriage between first and second parties hereto has been agreed upon and is expected soon to be solemnized, and they have mutually agreed in contemplation of said marriage and in consideration thereof to settle and convey the property hereinafter mentioned and their respective rights in the same as hereinafter provided and set forth.

"Now, therefore, in consideration of the premises and of one dollar to her in hand paid, the said first party has bargained and sold and does hereby bargain, sell and convey and assign over unto said third party as trustee in trust a one undivided one-fourth interest in and to the following described property, choses in action, &c.: (here follows description of property).

"To have and to hold the same unto said third party as trustee in trust forever, free from all claims whatsoever. But this conveyance is in trust for the foregoing uses and purposes and none other to-wit: That the said third party will hold the said property herein conveyed as trustee and in trust for the sole and separate use and benefit of said first party and as a separate estate to be free from the control, use or engagements of said intended husband or any future husband that she may have. And said trustee shall pay over to said first party for her separate use and benefit the entire income derived from said property as the same is received and collected by said trustee; but neither said trustee or said first party shall have any power to anticipate, mortgage or encumber the same. And express power is hereby given to said trustee to sell, convey and assign over said property or any part thereof and to pass a good title to the purchaser for purpose of reinvestment only upon the written request of said first and second parties, but neither the trustee nor said first party shall have any power to mortgage or encumber the same; and the proceeds of any such sale shall be held on the same trusts as herein created, as shall likewise any property purchased therewith; and express power is hereby given and created in said first party to dispose of said property as well as any estate, real or

personal, purchased with proceeds thereof, by last will and testament as fully as if she were an unmarried woman.   And second party in contemplation of said marriage and in consideration thereof and one dollar to him cash in hand paid does hereby consent to the foregoing conveyance and all the terms and provisions thereof and he hereby renounces all beneficiary interest and mutual rights, all estate as tenant by curtesy or distribute or otherwise, which could or would in any wise accrue to him by reason of or growing out of said intended marriage, and he does hereby join in the conveyance to said third party as trustee as aforesaid, free from all interest in hand, present, future or contingent.

"In testimony whereof, witness our signatures at Lagrange, Oldham County, Ky., the day and date above written."

Mrs. Fannie E. Quigley, the trustee, named in the deed, died several years ago, and after her death, the Louisville Trust Company was appointed trustee in her place.

It will be observed that there is one beneficiary in the deed.   There is no reversion or remainder.   The property is vested simply in Mrs. Monroe.   There is no attempt to secure any part of the property to any children which might be born of the marriage.   The whole purpose of the deed was to make the property the separate estate of the wife, and to exclude her husband from any interest in it.   The deed seems to have been drawn in view of the statute then in force in Kentucky in regard to the disabilities of married women; but under our present statute, the wife may sell and convey her property as a single woman, and make contracts just as a single woman, except that the husband must join her in contracts to sell, convey or mortgage her real estate.   (Ky. Stats., Sec. 2128).

Stripped of circumlocution, the deed simply provides that the trustee is to hold the property for Mrs. Monroe. No one except her having any interest in the property or its proceeds, she has power under the statute to sell and convey just as she would have if the property had been conveyed in like manner to her directly without the intervention of a trustee.   Adams' Trustee v. Adams, 21 Ky. L. R., 1726; Wooley v. Preston, 82 Ky., 421.

We, therefore, conclude that the circuit court properly held that there is no legal or equitable reason to prevent or avoid the proposed transaction, and that the parties have the power to make a valid mortgage.

Judgment affirmed.