## Brown v. McCommas, et al.

(Decided June 16, 1922.)

### Appeal from Fayette Circuit Court.

1. Trusts—Sale by Trustee and Cestui Qui Trust Jointly.—Where an instrument creating a trust does not either expressly or by necessary implication forbid a sale of the trust property under the conditions existing at the time of the sale, a valid sale and conveyance may be made by the trustee and cestui qui trust jointly, or separately to the same person, in all cases where the cestui qui trust is sui juris, and the latter may by acts and conduct ratify a sale of the property by the trustee only, and if such acts and conduct are sufficient to constitute an estoppel, a good title will pass.

2. Trusts—Conveyance by Cestui Qui Trust.—Where the trust, according to its terms, was to continue for the life of the cestui qui trust, who, under the terms of the will creating it and by virtue of conditions subsequently arising, became the owner in remainder of the trust property the two interests became merged and a properly executed deed by the cestui qui trust would convey a good equitable title to the property which would be made legally per-

feolt in all respects by a conveyance from the trustee, either jointly with the cestui qui trust or separately.

SMITH & REYNOLDS for appellant

HUNT, NORTHCUTT & BUSH, J. N. ELLIOTT, WILSON & HARBISON and FRANKLIN, TALBOTT & CHAPMAN for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an equitable action which was filed in the Fayette circuit court by appellees, William G. McCommas and others, as plaintiffs, against appellant and defendant below, L. H. Brown, to compel him to specifically perform a written contract entered into between the parties on May 26, 1921, whereby plaintiffs agreed to sell and defendant agreed to purchase lot number 16 in Hayland's subdivision in Fayette county, Kentucky, containing about 11 acres. The deed, duly executed and acknowledged by plaintiffs as grantors, was tendered and filed with the petition as an exhibit. Copies of all prior deeds and wills pertaining to the title, and under which plaintiffs claimed to own it and which they alleged perfected it were also referred to and filed as exhibits. Defendant's demurrer to the petition was overruled and he declined to plead; whereupon the court entered judgment requiring him to accept the tendered title and to perform the written contract of May 26, 1921, and disputing the correctness of that judgment he has appealed.

The tendered title was derived from Mrs. Annette M. Swigert, who died testate and a resident of Fayette county in 1908, and prior to June 13 of that year, and her title to the property is not questioned. Her will was probated in the Fayette county court on the date last mentioned and its items 3 and 4 (it being so divided) are the only ones affecting the question involved. The testatrix left surviving her her husband, Daniel Swigert, an unmarried son, Robert A. Swigert, and two daughters, Annette B. Swigert and Mrs. Mary S. Combs, only the latter of whom was married and had children. Item 3 contains the residuary devise of the property of testatrix, which included the lot involved here, and in it the property was devised to the Security Trust and Safety Vault Company of Lexington to be held by it in trust for the use and benefit of Annette B. Swigert during her natural life, subject to the right of the surviving husband, Daniel Swigert, to the use and enjoyment of one-half of the prop-

erty or its income during his life; but if he should die before the daughter then she became vested with the entire property or its income for the remainder of her life. The item closes with this language: "My said daughter Annette shall have power to dispose of one-third of the property herein given to her in trust, by last will and testament. In case she does not exercise said power, the one-third which she is authorized to dispose of by will shall pass in fee simple to any lawful issue she may leave surviving her or the descendants of such issue; or in case she leaves no issue, or their descendants surviving her, then said third shall pass as the remaining two-thirds of said residuary estate is hereinafter directed to pass."

Item 4 says: "At the death of my daughter Annette, the remaining two-thirds of the estate herein devised to her in trust shall be held in trust by the same trustee for the use and benefit of my daughter, Mary S. Combs, and my son, Robert A. Swigert, in equal portions, for and during their respective natural lives, free from the debts, marital rights, or control of any husband or wife either may have, the net income to be divided equally between my said daughter and son so long as both shall live. In case of the death of my daughter Annette intestate and childless, the entire estate shall be held in trust for the same purpose. Upon the death of my son Robert, in case my daughter Mary S. Combs survives him, the income payable to him shall be payable to her during her life, and in case he shall outlive his sister, Mary S. Combs, the portion of the estate held in trust for him shall go at his death in fee simple to the children of my daughter, Mary S. Combs, in equal portions. Should my daughter, Mary S. Combs, predecease my daughter Annette, the portion of the estate bequeathed or devised to her (Mary S. Combs) in trust shall pass in absolute fee simple to her issue and the descendants of such as may be dead, such descendants to take their parent's share."

Item 5 vests the trustee with power to sell the property with the concurrence of the daughter Annette B. Swigert to be evidenced by her joining in the deed. She died on October 9, 1908, not quite four months after the probating of her mother's will, intestate, unmarried and without issue. Her father, Daniel Swigert, died in 1912 and the son Robert A. Swigert died intestate and without issue in 1919, leaving as the only surviving heir of the testatrix Mrs. Mary S. Combs, who yet survives, and she

and her husband in April, 1919, and after the death of her brother Robert, executed a deed to plaintiff, William G. McCommas, to the lot in controversy, he at that time being the unencumbered titleholder to it, his remote vendor having theretofore received a deed from the trustee. The question, therefore, presented for decision is whether her and her husband's deed, under the facts stated, together with the prior one executed by the trustee to the remote vendor of McCommas, creates such a title as defendant is compelled to accept in this character of proceeding.

The solution of the question depends largely, if not entirely, upon the correct construction of item 4 of Mrs. Swigert's will. In arriving at that construction the cardinal rule, and in fact the one to which all others surrender, is to ascertain the intention of the testatrix from the language of her entire will and to administer that intention if it is not contrary to law or public policy. Where the language is plain and unambiguous there is but little room for construction, since if its provisions are lawful the only duty to be performed is to execute them as written. Annette B. Swigert, as we have seen, did not dispose of any part of the property by will, since she died intestate and leaving no issue the third of the property which she was empowered to dispose of in item 3 of her mother's will passed under the provisions of item 4 thereof. That item directed the trust to continue for the benefit of Mrs. Combs and Robert A. Swigert in equal portions "for and during their respective natural lives;" but upon the death of Robert before that of his sister Mrs. Combs, then she should be entitled to the income during her natural life. If, however, he should outlive her then his portion at his death was to go to the children of Mrs. Combs "in equal portions;" and lastly, if Mrs. Combs died before her sister Annette B. Swigert then the portion to which she would be entitled under the will was to pass to her surviving issue and the descendants of those who might be dead. It will thus be seen that the events, according to the way they have happened, have created a situation where there are no future or contingent interests in the property and the will failing to provide for its transmission after the death of Mrs. Combs, if she survived the other two children, that future interest upon the death of Robert Swigert before that of Mrs. Combs and upon the latter surviving her sister, Annette B. Swigert, reverted to the estate of the testatrix

as undisposd of property and Mrs. Combs being the only surviving heir obtained the title under the statute of descent and distribution from her mother, since her children took no interest under the will unless she died before her sister, or before her brother. We do not understand this interpretation of the will to be disputed by appellant's counsel as indeed it could not successfully be done, since the language of the will is susceptible to no other interpretation.

That being true we have a case where the *cestui qui trust* for life and the remainderman in absolute fee are one and the same person, thereby merging the two estates, and in the absence of something in the instrument creating the trust preventing it, it would seem difficult for this or any other court to hold that a deed executed by the trustee and the *cestui qui trust,* who is also sole remainderman, would not convey a perfect title, for it must not be overlooked that the question for determination is the power to *convey* the trust real estate under the circumstances and in the manner mentioned, and not one of terminating the trust, since it might continue to operate on the proceeds of the sale as directed by the will if the right of termination did not exist, which is a question not presented and therefore not determined.

It is the legislative policy in this Commonwealth, as is evidenced by section 2341 of the statutes, to make all interests in or claims to real estate the subject of sale or devise by will and clearly under its provisions Mrs. Combs had the right to sell and make perfect title to her equitable interest during the existence of the trust, which was for her life and she likewise could sell and convey a perfect title to the property in remainder, and if she could make such conveyances separately to different individuals there can be no valid reason why she may not execute one deed covering both interests to a single individual and vest him with perfect title. An opposite contention is wholly unsupported by reason and approaches close to the absurd.

In 39 Cyc. 355, the text on this subject says: "A sale and conveyance by the trustee with the consent and approbation of the beneficiaries passes a good title and concludes the beneficiaries." In volume 27 A. & E. Encyc. of Law 223, the text says: "Unless a sale of trust property is absolutely forbidden by the instrument of trust, the assent of all parties interested may justify a sale, even though no special authority therefor has been con-

ferred. And a sale made irregularly or improperly may be given the force and effect of a regular and legal transaction by receiving the assent or ratification of all parties in interests.'' And in the second edition of the same work, vol. 28, page 994, it is said: ''Where the instrument does not expressly forbid a sale and contains no limitation over a sale with the consent of all the beneficiaries may be valid, where such beneficiaries are all *sui juris.''* By the term *sui juris* in the text it is necessarily meant the capacity to consent to the sale, or the right to contract with reference thereto. Our statute converts a married woman into a *feme sole* so far as her separate property is concerned, and the fact that her husband must join in her deed to her real estate does not incapacitate her from dealing with reference thereto, which is untrue as to other legal disabilities.

This court in the case of Riffe v. Liddell's Trustee, 103 S. W. R. (not elsewhere reported), had before it a question analogous to the one here presented and in the same character of remedy and it was held that the vendee could be forced to accept a deed executed by the trustee and the *cestui qui trust,* the latter of whom was *sui juris,* and there being nothing in the instrument creating the trust forbidding a joint sale and conveyance of the property. Largely to the same effect is the case of Fink v. Metcalfe, 26 Ky. L. R. 1263. Moreover, the rule is universal that a *cestui qui trust,* if *sui juris,* may by acquiescence ratify an unauthorized sale of the trust property by the trustee and thereby estop himself from afterwards avoiding the sale to the detriment of an innocent third party. If a title may thus become perfect by acts or conduct creating an estoppel on the part of the *cestui qui trust* it is difficult to perceive why his deed and that of the trustee would not convey a perfect title. There is nothing in the will of the testatrix in this case forbidding a sale of the property under the conditions that have transpired. Indeed there is no occasion for the continuation of the trust, it not being a spendthrift one for the benefit of Mrs. Combs, and there being no future interest to be protected by its continuation. However, as stated, that question is not necessarily presented, but we refer to it only for the purpose of emphasizing the absence of anything in the will forbidding a conveyance of the property, under the prevailing circumstances, by the trustee and Mrs. Combs jointly or by their separate deeds.

Counsel for appellant cite and rely upon many cases and authorities treating and dealing with active trusts, but without taking space or time to discuss them we deem it sufficient to say that they do not apply to the facts of this case; nor does the doctrine of the cases of Wallace v. Smith, 24 Ky. L. R. 139; Harkness v. Lisle, 132 Ky. 767, and many other similar ones from this court, apply as contended to the facts which this record presents. Those cases deal exclusively with the question of the right of a grantor or testator to create reasonable restraints on the power of alienation, which, contrary to almost all other courts, we, in the cases referred to, uphold and enforce. No such question is involved here and no further consideration of them is necessary.

Our conclusion is that the tendered deed was sufficient to vest defendant with a perfect title to the land and the judgment so holding is affirmed.