## Newsom v. Barnes et al.

March 12, 1940.

W. J. Baxter, Judge.

Pat Rankin for appellant.
Charles D. Grubbs for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

The appellant, Ann Clarke Newsom, brought this suit against the appellees, Lou Wood Barnes and her husband, Clarence Barnes, for the purpose of having a forfeiture declared against them. A demurrer was sustained to the petition, and upon the appellant failing to plead further, judgment was entered dismissing her petition; hence this appeal.

The appellant owned an undivided one-fourth interest in a tract of land in Clark county, the remaining three-fourths interest belonging to her mother. The mother died testate, leaving as heirs the appellant and

a brother, H. L. Clarke. This suit involves the interpretation of the following provision in the mother's will:

"Third: I own an undivided three-fourths interest in a farm containing about 82½ acres of land located on the waters of Donaldson Creek in Clark County, Kentucky. I devise to my said daughter an undivided one-third of my said interest in said land in fee simple. I devise two-thirds of my said three-fourths interest in land to the Mt. Sterling National Bank of Mt. Sterling, Kentucky, upon trust for the use and benefit of my son, H. L. Clarke, until my said daughter reaches the age of twenty-one years or until her death if that should occur before that time. Upon her becoming twenty-one years of age or upon her death if that should occur before that time, said trust for the use and benefit of H. L. Clarke in said land shall cease and terminate and said undivided interest for his use and benefit in the hands of said trustee shall go to and become the property of my said son."

The appellant was approximately 17 years of age when her mother died, and her brother was more than 21. Within a few months after the death of Mrs. Clarke, the son conveyed his one-half interest in the land to Mrs. Barnes, along with his interest in the net income and net proceeds under the trust. Within a few months after the appellant became 21 years of age she brought this suit seeking to have a forfeiture declared upon the ground that the provision in the will placing the brother's interest in trust until she reached the age of 21 constituted a restraint upon her brother's power of alienation during the period of the trust.

Reversal is urged upon the ground that (1) a trust constitutes a restraint upon the power of alienation unless power is given to the trustee to sell and convey free of the trust; (2) a reasonable restraint against alienation is valid; (3) a violation of the restraint works a forfeiture if the grantor imposing the restraint, or the unoffending heirs, act within the time the restraint is effective; and (4) an infant has a reasonable time after attaining majority to claim a forfeiture because laches is not imputable to an infant.

The cases of Kean's Guardian v. Kean, 18 S. W.

1032, 19 S. W. 184, 13 Ky. Law Rep. 956, and Southern National Life Ins. Co. v. Ford's Adm'r, 151 Ky. 476, 152 S. W. 243, are cited in support of the contention that the provision in Mrs. Clarke's will constituted a restraint against the power of alienation. In the Kean case a father left certain real estate to his son to be held in trust until he arrived at the age of 28 years. When the son reached majority he asserted the right to control and dispose of the property, regardless of the trust provision. In upholding the provision the Court said [18 S. W. 1033, 13 Ky. Law Rep. 956]:

> "In this case the testator merely says he gives certain real estate to his son, but that it is to be held in trust for him until he arrives at a certain age. This did not take away all power of alienation; but, aside from this fact, the estate was placed in trust until a certain period, and no law forbids the imposition of such a trust or limitation."

In the Ford case a father left his son certain real estate to be held in trust for him until he reached the age of 25 years. A trust company duly qualified as administrator of the father's estate and as testamentary trustee and guardian for the son, Ford. A suit was filed by the trust company against Ford and numerous creditors of the father in which a settlement of the estate was sought, and also the advice of the chancellor as to the administration of the trust. The chancellor instructed the trustee to allow Ford not exceeding $500 per year for his support and education. Ford was dissatisfied with the allowance and undertook to raise money by encumbering real estate left him. The Southern National Insurance Company, with full knowledge of the fact that the estate was being administered by the chancellor, and also of the provisions of the will, entered into certain questionable arrangements with Ford under which money was loaned to him. This Court said that to hold that Ford might encumber or convey the real property held in trust for him before he became 25 years of age would be to thwart the plain purpose of the testator. It was held, however, that while the trust property could not be encumbered, Ford had power to bind himself by contract, and that he bound himself with the Insurance Company, insofar as the contracts were fairly made and he was not "overreached, defrauded, or

imposed upon by reason of his youth, disposition, and inexperience and the conditions surrounding him.'' [151 Ky. 476, 152 S. W. 245.) It was said also that no reason was seen why whatever sum was owing the Insurance Company should not be paid out of the trust estate, as well as out of any other property which Ford may have owned.

It can be seen, therefore, that the facts and circumstances presented in both the Kean and Ford cases are materially different from those in the case at bar. Both of those cases involve directly the beneficiary under the trust. Here we have no such situation, but rather a third party (another heir) for whose benefit the trust may have been established is seeking to have a forfeiture declared, not because of failure to carry out the trust, but rather because of the fact that the cestui que trust sold his interest in the property. It is clear from the will that Mrs. Clarke intended to give her son a one-half interest in the land. There was no provision for a gift over, and there were no conditional provisions in the trust dependent upon some action of the son. The will merely provided that the son's interest in the land should be held in trust until his sister became of age, or a period of approximately four years. The deed recognized the trust and conveyed only the son's interest in the property, including any income which might be coming to him under the trust.

Restraints against alienation are not favored at law. Indeed, Section 2341 of our statutes expressly provides that:

''Any interest in or claim to real estate may be disposed of by deed or will in writing. Any estate may be made to commence in future by deed, in like manner as by will, and any estate which would be good as any executory devise or bequest, shall be good if created by deed.''

In commenting upon this section it was said in the case of Brown v. McCommas, 195 Ky. 337, 242 S. W. 362, 364:

''It is the legislative policy in this commonwealth, as is evidenced by Section 2341 of the Statutes, to make all interests in or claims to real estate the subject of sale or devise by will, and, clearly, under its

provisions Mrs. Combs had the right to sell and make perfect title to her equitable interest during the existence of the trust, which was for her life and she likewise could sell and convey a perfect title to the property in remainder, and, if she could make such conveyances separately to different individuals, there can be no valid reason why she may not execute one deed covering both interests to a single individual, and vest him with perfect title. An opposite contention is wholly unsupported by reason, and approaches close to the absurd."

See, also, Monroe's Trustee v. Monroe, 155 Ky. 112, 159 S. W. 651, and Fischer v. Porter, 263 Ky. 372, 92 S. W. (2d) 368.

Clearly H. L. Clarke had an interest in the property, and it is obvious from what has been said that the trust provision of the will was in no way violated when he sold his interest to Mrs. Barnes. It follows from what has been said that it is unnecessary to discuss other points raised by the appellant.

Judgment affirmed.