## Sipes v. Boehmer et al.

May 22, 1942.

James B. Meadows for appellant.

Barbour & Bassmann for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Originating in an action by the City of Newport to enforce the payment of taxes accrued on the former residence of Mrs. Elizabeth Boehmer, deceased, this litigation resolved itself into a contest between the surviving descendants of Mrs. Boehmer named in the caption as appellees, and the appellant, Paul J. Sipes, who, as the result of an execution sale and sheriff's deed, had acquired the interest of the appellee, Joseph Boehmer, a son of Mrs. Boehmer, in the residence property. Since the rights of the parties are dependent upon the proper construction of the second clause of the will of Mrs. Boehmer, who died in 1925, we set forth that clause in full:

"To my daughters Eleonara Barbara Lickert and Mary Katherine Boehmer and my son Joseph Boehmer, as a class and as tenants in common, I give, devise and bequeath my real property situated at the southeasterly corner of Tenth and Boone Streets, in the City of Newport, Campbell County, Kentucky, in fee simple, share and share alike, subject, however, to the following restrictions and con-

ditions, that is to say; each of said devisees, to wit, my daughters and my son Joseph, shall have the right, while unmarried, to occupy such real property as a home for life. Such real property may be sold, however, if all the owners thereof consent. Upon the death of one of such devisees, without issue, such property not having been previously sold, his or her share of such property shall go to the survivors, and upon the death of two of such three devisees, each without issue, such real property (it not having been previously sold), shall go to the survivor in fee simple.''

The daughter, Eleonara Barbara Lickert, died without issue and the other daughter, Mary Katherine Boehmer, is sixty-four years of age, unmarried, hopelessly insane, and an inmate of an asylum. The son, Joseph Boehmer, has one living child, the appellee, John Boehmer, and, we are informed by appellee's brief, is now living with his son in a portion of the property referred to. The Committee of the insane daughter denied having collected any rents from the property, although portions of it appear to have been occupied by tenants. The taxes have not been paid for many years, and, according to the undisputed testimony, the property is greatly in need of essential repairs. The evidence shows that it has a substantial rental value, and it is obvious that unless it is rented and the rents applied to the payment of taxes and the making of repairs, the interest of all parties will be sacrificed. Alleging that in the manner indicated he had acquired the interest of the appellee, Joseph Boehmer, the appellant, Sipes, by appropriate pleadings and motions, sought the appointment of a receiver to take charge of the property, repair, and rent it. Asserting that Joseph Boehmer had no interest in the property save that of a contingent remainderman, and the right, while unmarried, to occupy the real estate as a home, and that the law forbade the sale of the property, except with the consent of all the remaindermen, the Committee of the insane daughter filed an answer denying appellant's right to the relief sought. The Chancellor, though declining to make a formal declaration of rights, concluded: ''that the interest of the defendant, Joseph Boehmer, by virtue of said language contained in the will, although importing a defeasible fee, is, when all of the language is considered, restricted and limited by said

language, and assumes the character of an ultimate contingency governing the final disposition and vesting of the property.''

And that: ''the interest of the cross-petitioner is not a vested interest within the legal meaning of that term, entitling him to the appointment of a receiver, an accounting for rents, or the right and authority to exercise control, enjoy possession of, cause a sale of said property, or any other rights or privileges incidental to vested ownership and interest in real estate.''

In endeavoring to uphold the Chancellor's decree, counsel for the Committee contends that the will of Mrs. Boehmer created:

''(a) A particular estate, terminating upon the death of the last survivor, subjected to the right of occupancy by each child, 'while unmarried' as a home; or a valid trust to like effect.

''(b) A valid and reasonable restraint of the alienation of the property or any interest therein.

''(c) A remainder to the ultimate survivor, the others dying without issue;

''(d) A remainder, jointly with the ultimate survivor, to the lawful living issue of those dying with issue.''

And from these premises it is argued that the interest which appellant acquired through the execution sale and sheriff's deed was so contingent as to justify a court of equity in refusing its aid to protect it ''particularly to the great disadvantage of other interests.''

We confess our inability to follow this reasoning or the conclusions of the Chancellor denying appellant's motion for the appointment of a receiver. Kentucky Statutes, sec. 1681 specifically provides that land in which a defendant has ''a contingent interest or a contingent remainder or a defeasible fee, may be taken and sold under execution;'' and a temporary receiver may be appointed on motion of any party to an action who shows that he has, or probably has, an ''interest'' in the property which is in danger of being lost, removed, or materially injured (Civil Code of Practice, Section 298). While this section of the Code does not purport to, or, in fact, limit the power of a court of equity to appoint

a receiver to manage and preserve property beyond the period covered by the litigation where the exigencies of the case require it and such a receivership is the ultimate relief sought, nevertheless it has been generally regarded as defining the class of parties who may apply for the remedy. In the present case the rights of the insane joint owner would be advantaged, and we are unable to perceive what interest would be disadvantaged by the appointment of a receiver, since the only other present interest extant has been acquired by the appellant whose rights cannot be protected in any other manner. Even if appellant's rights were contingent, the exercise of a sound discretion would call for the appointment of a receiver, since they cannot otherwise be protected and the rights of all other interested parties would be conserved rather than impaired.

But the interest created in Joseph Boehmer by the will of his mother, to which interest appellant succeeded, was not that of a contingent remainderman. He acquired by the terms of the will a defeasible fee in an undivided one-third of the property, plus the right to the future or executory estates which would come into existence when and if his sisters died without issue. Vittitow v. Birk, 290 Ky. 235, 160 S. W. (2d) 624, and authorities there cited. During his lifetime he possessed all of the rights and privileges of a fee simple owner. Landers et al. v. Landers et al., 151 Ky. 206, 151 S. W. 386, Ann. Cas. 1915A, 223, and authorities there cited. Of course, his fee simple rights were subject to his sisters' rights of occupancy while they remained unmarried. His own right of occupancy passed from him when his interest in the property was sold under execution and conveyed to appellant. The insane joint owner probably will never be able to occupy the property, and the right to do so conferred upon testatrix's children by the will impliedly excludes appellant from so doing. However, while this status exists appellant is clearly entitled to the appointment of a receiver to lease the property, pay the taxes thereon, and put it in repair. The surplus rents should be paid to the Committee of the insane joint owner; and, if, by any chance, she should be restored to sanity, and desire to do so, she should be permitted to occupy the residence. If Joseph Boehmer should die prior to the death of his sister, Mary Katherine, without leaving issue surviving him, appellant's title to the property

would be defeated and his interest therein terminated (Kentucky Statutes, sec. 2344).

Judgment reversed for proceedings consistend with this opinion.