## Meade et al. v. Rowe's Executor and Trustee.
## Thompson et al. v. Same.

June 6, 1944.

112

Andrew E. Auxier, P. B. Stratton, and J. J. Moore for appellants.

J. P. Hobson, Jr., J. E. Childers, F. M. Burke, W. A. Daugherty, and Abner May for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

These two appeals involve the construction of the will of Jackson Rowe who, at the time of his death, owned the minerals in a large tract of land in Pike county. The will was executed May 21, 1932. At that time Jackson Rowe had two living children, the appellees Bertha Thompson and Lenna Rowe Anderson. Four children were dead, but all of them left lineal descendants. Prior to the date of the will the testator

conveyed to his children and grandchildren the surface of all the land owned by him except 9 acres. In Item 3 of his will the testator devised to the First National Bank of Pikeville, trustee, for a period of 15 years from date of probate of his will, all the coal, oil and gas under the land described in the deeds to his heirs at law, and the trustee was authorized and empowered to execute coal, oil and gas leases and to collect the royalties, same to be held in trust for the use and benefit of the testator's children and heirs at law as provided in the will. The pertinent parts of Item 3 of the will read:

"The trustee shall pay out the income arising from my estate vested in it, as trustee, for the support and maintenance of my children and heirs at law, as follows:

"(1) The trustee shall first pay out of the income of said property all taxes assessed against it.

"(2) To my daughter, Bertha Rowe Thompson one-sixth thereof.

"(3) To the heirs of John A. Rowe, deceased, who was my son, one-sixth thereof, as follows: to my grandson, Lundy Rowe, one third of one-sixth thereof; to my granddaughter, Osa Rowe Hurley, one-third of one-sixth thereof; to my great-grand-daughter, Olva Keen, a daughter of Stella Rowe Keen, deceased, one-third of one-sixth thereof.

"(4) To the heirs of G. C. Rowe, deceased, who was my son, one-sixth thereof, as follows: To Clinard Rowe, a son of G. C. Rowe, deceased, one-half of one-sixth; to Sadie Rowe Blackburn, a daughter of G. C. Rowe, deceased, one-half of one-sixth thereof.

"(5) To G. C. Meade, only child of my daughter, Ersie Rowe Meade, deceased, one-sixth thereof.

"(6) To my daughter, Lenna Rowe Anderson, one-sixth thereof.

"(7) To the heirs of Dock Rowe, deceased, one-sixth thereof as follows: To Roland Rowe, a son of Dock Rowe, deceased, one-half of one-sixth thereof; to Hazel Rowe Dotson, a daughter of Dock Rowe, deceased, one-half of one-sixth thereof. * * *.

"b. Should any of my heirs named in this will die without issue, then and in that event the income de-

vised to them shall go to the surviving brother or sister. And should all of the heirs named in any of said paragraphs die without issue then their part shall go back to my estate and be divided between the surviving children and heirs named herein according to the law of descent and distribution.

"c. The title to the foregoing property vested in my said trustee shall be held absolutely by said trustee during the period of time provided herein. That at the end of said period provided herein said trust shall terminate, and then the property devised to said trustee, in trust, shall descend to and become vested in the heirs of the devisees living at the termination of said trust in fee simple.

"d. All leases executed by the trustee during the tenure of this trust shall continue in full force and effect after said trust has terminated and be binding on the heirs to whom said property descends as provided in paragraph c hereof.

"e. The trustee shall make settlements of its accounts with Pike County Court annually during the month of January of each year.

"f. The trustee shall pay out said income of said estate quarterly for the support and maintenance of my children and heirs at law as provided in paragraphs two to seven hereof, subject to the terms and restrictions contained in this will.

"g. The said property shall not be conveyed, mortgaged or incumbered during the continuance of this trust by any of my children or heirs at law. Said income in the hands of my trustee shall not be subject to the debts or liabilities of my children or heirs at law, and shall not be subject to garnishment in the hands of the trustee. No assignment of said income or any part thereof by any of my children or heirs at law during the continuance of this trust shall be valid as against them or my trustee. The trustee is vested with a sound discretion in making payments to my children and heirs at law for their support and maintenance during the continuance of this trust.

"h. At the termination of this trust the trustee shall make final settlement of its accounts as trustee and turn over all money and property in its hands to the

heirs entitled thereto under the provisions of paragraph c hereof.''

The will was probated May 3, 1938, and the trust will terminate May 3, 1953. In 1941 the appellee Lawrence Wolfe recovered a judgment against G. Carmel Meade for $2,750 for injuries received in an automobile accident. Execution was issued and levied upon G. Carmel Meade's one-sixth interest in the property devised by his grandfather, Jackson Rowe. Later the interest devised to G. Carmel Meade was sold under the execution and Lawrence Wolfe became the purchaser. Thereafter the First National Bank of Pikeville, executor and trustee under the will of Jackson Rowe, deceased, brought an action under the Declaratory Judgment Act, Civil Code of Practice, sec. 639a— 1 et seq., for a construction of the will and a declaration of the rights of the parties. The devisees named in the will and their children, including appellants, G. Carmel Meade, Jr., Francis K. Meade, and Wanda Lee Meade, children of G. Carmel Meade, were made defendants, also Lawrence Wolfe, the purchaser at a judicial sale of G. Carmel Meade's interest. Appellant Ermal A. Thompson, son of Bertha Rowe Thompson, daughter of the testator, was designated to represent all of the children and heirs at law, born and unborn, of the named devisees, and filed answer for himself and those constituting the designated class. During the pendency of the action the defendants G. Carmel Meade and Lawrence Wolfe entered into a written agreement, which was approved by the circuit judge and made a part of the judgment, whereby 75 per cent. of the net income payable to G. Carmel Meade by the trustee is to be applied to the payment of the judgment in favor of Wolfe until the judgment is fully paid and satisfied, with the proviso that if paid within five years the execution, the sale had thereunder, and the sheriff's deed to Wolfe shall be quashed, canceled and be void. The pertinent part of the judgment reads:

''The court is of the opinion and does now order and adjudge that, subject to the adjudication hereinafter made as to G. Carmel Meade, it is the duty of the plaintiff as trustee to make, quarterly or substantially so, distribution to the devisees and beneficiaries under the will, in the proportions therein set forth, of the net income arising from the trust; and that the trustee is under no obligation to inquire into the income or financial cir-

cumstances of the devisees named in the will, or the children or other descendants of those who are dead; and that the trustee is under no obligation to inquire into the amounts required for the support and maintenance of the beneficiaries under such will, it being the judgment of the court that it was the intention of the testator that all of such net income should be distributed to his beneficiaries in such proportions. The existing beneficiaries under such will, and the proper representatives of Lenna Rowe Anderson, are entitled to a distribution of the net amount now in the hands of the trustee.

"As to the controversy between G. Carmel Meade and Lawrence Wolfe, the court is of the opinion that the rights of G. Carmel Meade as a beneficiary under the will of Jackson Rowe are subject to his indebtedness; and G. Carmel Meade having entered into an agreement with Lawrence Wolfe and an agreed judgment between them having been tendered, the court now approves such agreed judgment and enters the same as a part of the judgment of the court."

Each of the devisees has a present vested interest in the devised property which will become an indefeasible fee simple estate if he or she is living at the expiration of the trust period on May 3, 1953. The legal title to the property during the trust period is in the trustee, but each devisee owns a beneficial interest therein. It is a vested interest subject to be defeated if he should die before the expiration of the trust period. Undoubtedly, G. Carmel Meade, as well as each of the other devisees, owns an interest that may be sold or assigned and is subject to execution and sale. KRS 426.190; KRS 382.010; KRS 381.180; Sipes v. Boehmer, 291 Ky. 824, 165 S.W. 2d 807; Vittitow v. Birk, 290 Ky. 235, 160 S.W. 2d 624; Newsome v. Barnes, 282 Ky. 264, 138 S.W. 2d 475; Lindenberger v. Cornell, 190 Ky. 844, 229 S.W. 54.

It seems to be conceded by all parties to this lawsuit that to the extent that paragraph g of the will attempts to create a spendthrift trust it is void. One cannot devise his property so that it will not be subject to the debts of the devisee unless the devise contains a condition of cesser upon an attempted alienation or the estate created is a mere use at the absolute and uncontrolled discretion of the trustee. KRS 381.180; Lane v. Taylor, 287 Ky. 116, 152 S.W. 2d 271; Todd's Ex'rs v. Todd, 260 Ky. 611, 86 S.W. 2d 168; Keith v. First National

Bank & Trust Co., 256 Ky. 88, 75 S.W. 2d 747; Ford v. Ford, 230 Ky. 56, 18 S.W. 2d 859. Paragraph g of the will before us fails to give the trustee uncontrolled discretion or to provide that the title shall go to someone else in case of attempted alienation or the property is sought to be subjected to debts. The provision which creates ambiguity in the will is the final clause of paragraph g, which reads: "The trustee is vested with a sound discretion in making payments to my children and heirs at law for their support and maintenance during the continuance of this trust." This clause was intended to refer only to the spendthrift trust sought to be created and to apply only when necessary to protect the interest of a devisee against the claim of a creditor. It falls with the remainder of paragraph g, and when it is eliminated the intention of the testator is clear, to wit, the net income from the trust property must be divided and paid quarterly as provided in paragraphs 2 to 7, inclusive, of Item 3 of the will.

The chancellor having so construed the will, the judgment is affirmed.